807 P.2d 1282

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Tony Glen NELSON, Defendant–Appellant.**

No. 17938.

Court of Appeals of Idaho.

March 19, 1991.

William C. Kirsch, Moscow, for defendant-appellant.

Jim Jones, Atty. Gen., James E. Leuenberger, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SILAK, Judge.

Appellant Tony Nelson was convicted after a court trial of the felony offense of aggravated driving while under the influence of an intoxicating substance, I.C. §§ 18–8004 and 18–8006. On appeal, Nelson argues that (1) an essential element of the offense of aggravated driving must be proof by the state beyond a reasonable doubt that the intoxicated condition of the defendant was the legal cause of the victim's great bodily injury, and that this element was not proved in his case; and (2) that his right to due process was denied because the statute under which he was prosecuted, I.C. § 18–8006, is unconstitutionally vague. For the reasons which follow, we reject both of these arguments and affirm the judgment of conviction.

The facts are as found by the district court. On January 9, 1988, defendant was driving his motor vehicle westbound on State Highway 8 between Troy and Moscow, Idaho. The road surface was slick, being covered with one and one-half inches of snow and slush. Another vehicle in which Corinne Blakely was a passenger was driving on the same stretch of highway in an easterly direction. As the two vehicles approached each other from opposite directions, Nelson's vehicle crossed the center line of the highway into the lane in which the Blakely vehicle was traveling. After traveling a short distance on the left

hand side (wrong side) of the highway, Nelson attempted to return to his proper lane of travel, but lost control of his vehicle and collided with the Blakely vehicle, which was at all times in its proper lane.

It was stipulated that, at the time of the accident, defendant was operating a motor vehicle while under the influence of alcohol or having an alcohol concentration of 0.10, or more, as shown by analysis of his blood. It was further stipulated that the victim sustained great bodily harm. The trial court found that Nelson's operation of his motor vehicle on the left-hand side of the highway in violation of I.C. § 49–626, and his operation of the vehicle at a speed greater than was reasonable and prudent under the prevailing conditions in violation of I.C. § 49–681, were proximate causes of the accident and therefore of the victim's great bodily harm.

Our standard of review of the lower court's determination of issues of statutory interpretation or of constitutional validity of statutes is one of free review. *See generally, Sun Valley Co. v. City of Sun Valley*, 109 Idaho 424, 428–29, 708 P.2d 147, 151–152 (1985).

◼ The first issue presented is one of statutory interpretation. Although stated in a variety of ways in his brief on appeal, Nelson essentially argues that to be convicted of aggravated driving while under the influence of intoxicating substances, the state must prove beyond a reasonable doubt that there is a causal link between the fact of driving while intoxicated and the injury sustained by the victim. In analyzing this argument, we apply settled principles of statutory interpretation. Criminal statutes must be interpreted to give effect to the legislative intent as expressed. *State v. Bever*, 118 Idaho 80, 81, 794 P.2d 1136, 1137 (1990), *citing State v. Bunting Tractor Co.*, 58 Idaho 617, 623, 77 P.2d 464, 466 (1938).

I.C. § 18–8006 provides, in pertinent part:

**Aggravated driving while under the influence of alcohol, drugs or any other intoxicating substances.**—(1) Any person causing great bodily harm, perma-

nent disability or permanent disfigurement to any person other than himself in committing a violation of section 18–8004, Idaho Code, is guilty of a felony, . . .

I.C. § 18–8004 is the statute which prohibits driving while intoxicated. It states in pertinent part:

**Persons under the influence of alcohol, drugs, or any other intoxicating substances.**—(1) It is unlawful for any person who is under the influence of alcohol, drugs or any other intoxicating substances or who has an alcohol concentration of 0.10, as defined in subsection (4) of this section, or more, as shown by analysis of his blood, urine, or breath, to drive or be in actual physical control of a motor vehicle within this state, whether upon a highway, street or bridge, or upon public or private property open to the public.

◼ Having reviewed the language of the statute, and mindful of settled principles of statutory interpretation, we conclude that the state need not prove that the great bodily injury was proximately caused by the driver's intoxicated state which in turn caused certain driving conduct. The statute requires that some causation, however, be proved, but we believe that the phrase "in committing" should be interpreted to mean that a defendant may be found guilty of aggravated driving under the influence if he or she causes that statutorily-specified harm while in the course of violating the drunk driving statute, I.C. § 18–8004. This interpretation is in keeping with what we perceive to be a legislative intent to criminalize driving conduct which would normally fall within the realm of negligence when it is done while the person is in violation of the provisions of I.C. § 18–8004.

This interpretation is not only in accord with the legislative intent, it is also in accord with the presumptions that are plain from a reading of the two statutes. A violation of I.C. § 18–8004 is committed by a person when he or she is driving or is in actual physical control of a motor vehicle and is either (a) under the influence of

alcohol, drugs or any other intoxicating substances, or (b) has an alcohol concentration of 0.10 or more. The state need not prove that the person was actually impaired by alcohol, but merely that the analysis of blood, urine, or breath had established an alcohol concentration of 0.10 or more. By so structuring the drunk driving statute, the legislature was expressing its intent that prosecutions for drunk driving may be grounded in a per se 0.10 alcohol concentration test, rather than in complicated proof over the level of impairment of any particular individual. Similarly, by cross-referencing to the provisions of I.C. § 18–8004, I.C. § 18–8006 allows for prosecutions for aggravated driving without the necessity for the state to prove that the alcohol or other substance-related impairment was actually sufficient to have caused certain driving behavior, which in turn caused great bodily injury to another. To interpret that statute otherwise would be to disregard the per se nature of the alcohol concentration aspect of the definition of drunk driving.

As noted above, I.C. § 18–8006 provides as an element of the offense that the defendant must have "caused" great bodily harm to the victim. The requirement of causation in the aggravated driving statute is in accord with the concept that strict liability crimes are disfavored in Idaho. I.C. § 18–201. Contrary to Nelson's assertion, the district court found that the conduct of Nelson in crossing the center line into the lane of on-coming traffic, and in driving too fast for the slippery road conditions, constituted negligence per se and were the legal cause of the accident and the great bodily injury suffered by Corinne Blakely. See, e.g., *State v. Johnson*, 93 Nev. 279, 563 P.2d 1147 (1977).

We next turn to the question of whether the aggravated DUI statute is unconstitutionally vague. When a constitutional challenge is made, every presumption is in favor of the constitutionality of the statute, and the burden of establishing unconstitutionality rests upon the challenger. *Lindstrom v. District Board of Health Panhandle District I*, 109 Idaho

956, 959, 712 P.2d 657, 660 (Ct.App.1985). Moreover, it is incumbent upon a court to give a statute an interpretation which will not render it a nullity. *Hecla Mining Co. v. Idaho State Tax Commission*, 108 Idaho 147, 151, 697 P.2d 1161, 1165 (1985). We have interpreted Idaho's aggravated DUI statute to require proof that an intoxicated driver committed a negligent act or omission, and that that act caused serious injury to another person. We reject appellant's argument that this statute requires proof that the driver's intoxication actually caused him to commit the negligent act. We conclude that the aggravated DUI statute, as we have interpreted it, is not unconstitutionally vague.

The Idaho Supreme Court recently addressed a similar constitutional challenge to a statute in *State v. Bitt*, 118 Idaho 584, 798 P.2d 43 (1990). In *Bitt*, the court articulated the steps in an analysis of a statute's constitutionality:

First, the court must ask whether the ordinance regulates constitutionally protected conduct. If the answer to this first step is in the affirmative, the next step asks whether the ordinance protects a significant amount of the constitutionally protected conduct. If the answer to this step is also in the affirmative, then the ordinance is quite likely overbroad and must be restricted in its application or rewritten. But if the ordinance does not regulate constitutionally protected conduct, or if the ordinance does not preclude a significant amount of such conduct, then the last step is to ask whether (a) the ordinance gives notice to those who are subject to it, and (b) whether the ordinance contains guidelines and imposes sufficient guidelines on those who must enforce the ordinance.

*State v. Bitt, supra.*

The aggravated DUI statute makes it a crime for an intoxicated driver to cause severe injury to another person. Obviously, this is not a constitutionally protected activity. Thus, the first two steps of the vagueness test do not apply.

We turn then to the third step of the vagueness test which applies a two-

pronged analysis. The first prong of this analysis asks whether the statute gives notice to those who are subject to it. I.C. § 18–8006 is not ambiguous; it prohibits an intoxicated driver from causing severe injury to another person. We are confident that the average citizen knows exactly what activity is proscribed by this law. In order to violate I.C. § 18–8006, a person must already be in violation of I.C. § 18–8004, the law which prohibits driving under the influence of intoxicants. Moreover, the average citizen is well aware of the fact that any type of collision involving a motor vehicle can result in criminal and civil liability. We conclude that the aggravated driving statute gives notice to those who are subject to it.

The second prong of this analysis asks whether the challenged statute provides sufficient guidelines to those who must enforce the statute. As we noted earlier in this analysis, in order to be charged with felony aggravated driving, a person must already be in violation of I.C. § 18–8004. If a police officer is called to the scene of an accident, he or she will make an initial determination of whether the driver is intoxicated, by observing the driver's behavior and by having the driver submit to a test to determine blood alcohol concentration. I.C. § 18–8004 specifically states that a driver with a blood alcohol concentration of 0.10 or more is in violation of the statute. This is a clear and sufficient guideline to those who must enforce both I.C. § 18–8004 and I.C. § 18–8006.

We must also examine the aggravated DUI statute to determine if it gives adequate guidelines regarding whether the intoxicated driver caused injury to another person. The statute imposes criminal liability when another person has suffered great bodily harm. The statute specifically mentions permanent disability or permanent disfigurement. We conclude that the average person who would be called upon to enforce this law would understand the degree of injury to which this language refers.

We turn then to the question of causation. The question whether an intoxicated driver's negligence caused another person's injury will always be a factual inquiry. *See, e.g., State v. Detweiler*, 115 Idaho 443, 767 P.2d 286 (Ct.App.1989). In the present case, there is no question regarding the comparative negligence of the parties involved in the collision. The statute requires there to be some causal connection between the wrongful conduct of the defendant and the injury. We do not need to reach the issue of the degree of causation necessary to invoke liability under this statute in the present case; however, we find that because the statute requires that some degree of causation exist, the statute gives adequate guidelines to those who must enforce the statute.

For the reasons stated above, we affirm the judgment of conviction.

WALTERS, C.J., and SWANSTROM, J., concur.