877 P.2d 924

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jess Joe SCHOONOVER, Defendant–Appellant.**

No. 20630.

Court of Appeals of Idaho.

July 7, 1994.

Egusquiza & Weigt, Boise, for appellant. Dennis D. Weigt, argued.

Larry EchoHawk, Atty. Gen., Douglas A. Werth, Deputy Atty. Gen., Boise, for respondent. Douglas A. Werth, argued.

WALTERS, Chief Judge.

This appeal arises from a magistrate court's order dismissing charges of DUI and of carrying a concealed weapon. The issue presented for appellate review is whether the magistrate properly sustained the defendant's hearsay objections to evidence which the State sought to introduce at a suppression hearing. Because the State failed to

properly preserve the adverse ruling for review, we do not consider the issue on appeal, and consequently we do not disturb the magistrate's order. We vacate the intermediate appellate decision of the district court, and reinstate the magistrate's order of dismissal.

## Facts

The facts disclosed by the record are as follows. On the afternoon of June 1, 1992, Jess Schoonover was pulled over by Idaho State Patrol Officer Patrick Mahooney. Based upon evidence obtained as a result of the investigatory stop, Schoonover was arrested and charged with driving under the influence, I.C. § 18–8004, and with carrying a concealed weapon, I.C. § 18–3302. Schoonover subsequently filed a motion to suppress the evidence against him, asserting that the officer's conduct constituted an unreasonable seizure in violation of Fourth Amendment standards, and was therefore illegal. Specifically, Schoonover asserted that the officer lacked the level of information necessary to demonstrate an objectively reasonable basis to stop him.

At the evidentiary hearing held on Schoonover's motion, Officer Mahooney testified that he had been dispatched to the scene of a vehicular accident involving an overturned military tanker-trailer on Blacks Creek Road. As he arrived, one of the military officers who had been directing traffic at the site approached him. The military officer pointed out Schoonover's vehicle, which was approximately fifty to sixty yards away at the time, and reported to Mahooney certain "information" about Schoonover. According to Mahooney, it was upon this information which he based his decision to proceed after and to stop Schoonover. When Mahooney attempted to testify to the substance of that information, i.e., to the statements made to him by the military officer, Schoonover objected on the ground of hearsay. The magistrate sustained the objection and excluded the testimony. The State made no offer of proof to show what the excluded testimony would have been and did not attempt to introduce any other evidence to establish the officer's basis for the stop.

Considering the evidence introduced at the hearing, the magistrate held that the stop was unreasonable—requiring that the evidence of Schoonover's crimes be suppressed—and dismissed the charges against him. The State appealed to the district court, which vacated the magistrate's order of dismissal. On further appeal to this Court, Schoonover asks that we overturn the district court's appellate decision and reinstate the magistrate's order of dismissal.

## Standard of Review and Analysis

■ When an appeal is taken from a decision of the district court rendered in its appellate capacity, we examine the record from the magistrate division independently of, but with due regard for, the district court's decision. *State v. Barker,* 123 Idaho 162, 163, 845 P.2d 580, 581 (Ct.App.1992). In the instant case, we are asked to review the magistrate's decision to sustain Schoonover's objection to Officer Mahooney's testimony.

There is no dispute in this case that the evidence admitted at the suppression hearing was insufficient to establish the validity of the stop. Rather, the sole basis for challenging the magistrate's order of dismissal is the allegedly erroneous ruling excluding the out-of-court statements relied upon by Officer Mahooney to justify the stop.

■ Idaho Rule of Evidence 103(a)(2) provides: "Error may not be predicated upon a ruling which ... excludes evidence *unless* a substantial right of the party is affected, *and* ... the *substance of the evidence* was made known to the court by offer or was apparent from the context within which questions were asked." (Emphasis added.) This Rule continues unchanged the long-standing policy that in order to preserve an evidentiary ruling for appellate review, the party assigning error to the ruling must make a sufficient record from which an appellate court can adequately determine whether there was error, and also whether the rights of such party have been prejudiced. *See Sanchez v. Galey,* 112 Idaho 609, 733 P.2d 1234 (1987); *State v. Parker,* 112 Idaho 1, 730 P.2d 921 (1986); *State v. White,* 97 Idaho 708, 551 P.2d 1344 (1976); *State v. Nab,* 113 Idaho 168, 742 P.2d 423 (Ct.App.1987) *State v.*

*Mata,* 106 Idaho 184, 677 P.2d 497 (Ct.App. 1984); *State v. Palin,* 106 Idaho 70, 675 P.2d 49 (Ct.App.1983); *see also* G. BELL, HAND-BOOK OF EVIDENCE FOR THE IDAHO LAWYER, at 19 (1972); 21 WRIGHT & GRAHAM, FEDERAL PRACTICE AND PROCEDURE: EVIDENCE §§ 5032, 5040 (1977) (discussing identical federal rule).

■ To resist Schoonover's motion to suppress and avoid dismissal of its case against him, it was incumbent upon the State to establish that Officer Mahooney had a reasonable basis, measured against an objective standard, to stop Schoonover. *See Florida v. Royer,* 460 U.S. 491, 498, 103 S.Ct. 1319, 1324, 75 L.Ed.2d 229 (1983); *State v. Osborne,* 121 Idaho 520, 524, 826 P.2d 481, 485 (Ct.App.1991). However, when the magistrate sustained Schoonover's objection to the out-of-court statements upon which the officer relied, the State failed to make any offer of proof showing the substance of those statements. Thus, although the *purpose* of the evidence sought may be apparent from the prosecutor's questioning, there is nothing in the record to indicate whether such evidence would have shown that the stop was "reasonable," and therefore valid. Absent the requisite showing, we cannot evaluate whether the magistrate's ruling to exclude the proffered out-of-court statements, if error, prejudiced the State's case, or whether it was harmless.[1] Accordingly, we will not address whether the evidence was admissible. I.R.E. 103(a); I.C.R. 52; *State v. Rose,* 125 Idaho 266, 869 P.2d 583 (Ct.App.1994).

### Conclusion

We conclude the State has failed in its burden to preserve the challenged evidentiary ruling for review. Accordingly, we vacate the district court's intermediate appellate de-

cision, and reinstate the magistrate's order of dismissal.

LANSING and PERRY, JJ., concur.

---

1. We note that on the appeal in the district court, Schoonover did not assert a claim that the State had failed to make the offer of proof required by I.R.E. 103(a)(2). From this perspective, it could be argued that Schoonover waived this requirement and it should not now be considered for the first time in the present proceeding. However, we deem the provision of Rule 103(a)(2) as a sufficiently clear pronouncement by our Su-

preme Court as a principle governing appellate review to require its application at any time, consistent with the Court's related ruling that I.R.E. 103(a)(1) requires a form of objection to preserve the right to challenge on appeal the admission or consideration of evidence. *Hecla Mining Co. v. Star–Morning Mining Co.,* 122 Idaho 778, 783, 839 P.2d 1192, 1197 (1992).