908 P.2d 1258

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jose MORALES, Defendant–Appellant.**

No. 21473.

Court of Appeals of Idaho.

Jan. 2, 1996.

William H. Wellman, Nampa, for appellant.

Alan G. Lance, Attorney General; Myrna A.I. Stahman, Deputy Attorney General, Boise, and Catherine O. Derden, Little Rock, Arkansas, for respondent. Catherine O. Derden argued.

LANSING, Judge.

Jose Morales was charged with carrying a concealed weapon without a license, I.C. § 18–3302. The magistrate granted a judgment of acquittal at the conclusion of the State's trial evidence because the State did not prove that Morales had no license to carry a concealed weapon. On the State's appeal, the district court reversed that order. Morales now appeals from the district court's decision. The issue presented is whether a defendant's lack of a license to carry a concealed weapon is an element of the offense under I.C. § 18–3302 upon which the State bears the burden of proof, as the magistrate held, or whether possession of a license is an affirmative defense to be proved by the defendant, as the district court concluded.

In August 1993, a patrol officer stopped a vehicle driven by Morales because the vehicle had defective tail lights. During a routine driver's license check, the officer discovered that Morales' license was suspended. Morales was placed under arrest. During a patdown search incident to the arrest, the officer found a concealed pistol on Morales' person. Morales was cited for driving without privileges, I.C. § 18–8001, and for carrying a concealed weapon, I.C. § 18–3302 (1991).[1]

Morales pleaded not guilty to both charges and proceeded to trial. At the close of the State's case in chief, Morales moved for a judgment of acquittal on the concealed weapon charge, and the motion was granted. The magistrate reasoned that subsections (7) and (9) of I.C. § 18–3302 define the crime of carrying a concealed weapon and that both subsections require that the act be done "without a license to carry a concealed weapon." The magistrate held that the prosecution therefore bore the burden of proving the lack of a license. Because the State had presented no evidence showing that Morales was without a license to carry a concealed weapon, the magistrate concluded that Morales was entitled to an acquittal.

On appellate review, the district court disagreed with the magistrate's conclusion that subsections (7) and (9) of I.C. § 18–3302 set forth the elements of the charged offense. Instead, the district court held that subsection (14), which recites that a person carrying a concealed weapon in violation of the provisions of I.C. § 18–3302 shall be guilty of a misdemeanor, supplies the definition of the crime.[2] Since subsection (14) says nothing

---

1. This statute has since been amended twice. See 1994 Sess.Laws, ch. 431, p. 1392–96, and 1995 Sess.Laws, ch. 356, p. 1201–06. These amendments do not affect the subsections at issue in this case.

2. The three subsections of I.C. § 18–3302 in question provide:

(7) Except in the person's place of abode or fixed place of business, a person shall not carry a concealed weapon without a license to carry a concealed weapon. For the purposes of this section, a concealed weapon means any dirk, dirk knife, bowie knife, dagger, pistol, revolver, or any other dangerous weapon. The provisions of this section shall not apply to any lawfully possessed shotgun or rifle.

. . . .

(9) While in any motor vehicle, inside the limits or confines of any city or inside any mining, lumbering, logging or railroad camp a person shall not carry a concealed weapon on or about his person without a license to carry a

about the absence of a license as an element of the offense, the district court held that possession of a valid license is an affirmative defense which must be proved by the defendant. Thus, we must begin our review by determining whether subsections (7) and (9) or subsection (14) of I.C. § 18–3302 define the crime of carrying a concealed weapon.

Issues of statutory interpretation present questions of law over which this Court exercises free review. *State v. Martinez*, 122 Idaho 158, 161, 832 P.2d 331, 334 (Ct.App.1992); *State v. Nelson*, 119 Idaho 444, 446, 807 P.2d 1282, 1284 (Ct.App.1991). When an appeal is taken from a decision of the district court rendered in its appellate capacity, we examine the record from the magistrate division independently of, but with due regard for, the district court's decision. *State v. Schoonover*, 125 Idaho 953, 954, 877 P.2d 924, 925 (Ct.App.1994).

On this appeal the State vigorously argues that if it were required to prove the nonexistence of a concealed weapon license, it would also be required to prove that the defendant does not come within any of the six exemptions from the license requirement provided by I.C. § 18–3302(12),[3] and that such a burden would be unfair to the State. This undesirable result would be avoided, the State further contends, by holding that subsection (14) defines the offense of carrying a concealed weapon.

We disagree with both of the State's assertions. What constitutes the elements of a crime was discussed in *State v. Monaghan*, 116 Idaho 972, 974, 783 P.2d 311, 313 (Ct. App.1989). There this Court stated:

> It is said generally that 'the elements of a crime are its requisite (a) conduct (act or omission to act) and (b) mental fault (except for strict liability crimes)—plus, often, (c) specified attendant circumstances, and, sometimes, (d) a specified result of the conduct.'

*Id.*, quoting W. LaFAVE & A. SCOTT, JR., SUBSTANTIVE CRIMINAL LAW § 1.8(b), n. 13 (1986). None of these components are found in I.C. § 18–3302(14). That subsection merely classifies the crime as a misdemeanor, rather than a felony, and thereby indirectly establishes the penalty for the offense.[4] Moreover, contrary to the State's argument, because I.C. § 18–3302(14) refers to the violation "of the provisions of this section," a holding that subsection (14) defines the crime might well result in the very circumstance the State is trying to avoid—a requirement that the prosecution disprove all of the exemptions found in subsection (12), as well as any other exceptions or exemptions found throughout Section 18–3302.

Unlike subsection (14), subsections (7) and (9) do specifically identify the acts that are prohibited when certain attendant circumstances exist. We conclude, therefore, that subsections (7) and (9) set out the elements of the crime of carrying a concealed weapon.

---

concealed weapon. This shall not apply to any pistol or revolver located in plain view whether it is loaded or unloaded. A firearm may be concealed legally in a motor vehicle so long as the weapon is disassembled or unloaded.

. . . .

(14) A person carrying a concealed weapon in violation of the provisions of this section shall be guilty of a misdemeanor.

3. I.C. § 18–3302(12) (1991) provides:

(12) The requirement to secure a license to carry a concealed weapon under this section shall not apply to the following persons:

(a) Officials of a county, city, state of Idaho, the United States, peace officers, guards of any jail, court appointed attendants or any officer of any express company on duty;

(b) Employees of the adjutant general and military division of the state where military membership is a condition of employment when on duty;

(c) Criminal investigators of the attorney general's office, criminal investigators of a prosecuting attorney's office, prosecutors and their deputies;

(d) Any person outside the limits of or confines of any city, or outside any mining, lumbering, logging or railroad camp, located outside any city, while engaged in lawful hunting, fishing, trapping or other lawful outdoor activity;

(e) Any publicly elected Idaho official;

(f) Retired peace officers with at least ten (10) years of service with the state or a political subdivision as a peace officer and who have been certified by the peace officer standards and training council.

4. I.C. § 18–113 provides that, where no different punishment is prescribed, a misdemeanor is punishable by imprisonment in a county jail not exceeding six months, or by a fine not exceeding $300, or by both.

Having decided that these subsections define the crime, we must next determine whether the nonexistence of a concealed weapon license must be proved in the prosecution's case in chief. Guidance regarding the allocation of the burden of proof is provided by *State v. Segovia,* 93 Idaho 208, 457 P.2d 905 (1969). There the Idaho Supreme Court interpreted a statute which specified: "Except as otherwise provided in this act, every person who possesses any narcotic except upon the written prescription of a physician, dentist, podiatrist, osteopath or veterinarian licensed to practice in this state, may be punished by imprisonment in the state prison for a term of not to exceed ten (10) years." *Id.* at 209, 457 P.2d at 906. At issue was whether the phrase "except upon the written prescription ..." was an element of the offense which must be alleged and proved by the prosecution or whether it constituted an affirmative defense for the defendant to raise and prove. The Court first noted that in the absence of a statute otherwise allocating the burden of proof, "the general rule is that the burden is upon the state in a criminal case to negative any exception or proviso appearing in that part of the statute which defines the crime if the exception is 'so incorporated with the language describing and defining the offense that the ingredients of the offense cannot be accurately and clearly described if the exception is omitted.'" *Id.* at 210, 457 P.2d at 907 (citation omitted). The Court concluded that the exception, i.e., the phrase "except upon the written prescription" was "an integral part of the offense proscribed and is so incorporated with the description of the offense as to be a material element of it." *Id.*

■ With respect to the offense of carrying a concealed weapon, the phrase at issue, "without a license to carry a concealed weapon," is an integral part of the conduct proscribed by subsections (7) and (9) of I.C. § 18–3302. We conclude that it is so incorporated into the description of the offense as to be a material element of the crime. Therefore, applying the rule enunciated in *Segovia,* the State bears the burden of proving that a person charged with violating I.C. § 18–3302(7) or (9) is not licensed to carry a concealed weapon. This is not an onerous burden, for county sheriffs are required to notify the director of the Idaho Department of Law Enforcement of each license issued. I.C. § 18–3302(1).[5] Prosecutors are thus able to readily access records of all concealed weapon licenses issued in any county of this state.

The scope of our decision is narrow, applying only to the State's burden to prove the nonexistence of a license. We do not address the burden of proof with respect to other conditions and circumstances set out in I.C. § 18–3302(7) and (9), nor do we imply that the State must disprove any exception to the concealed weapon license requirements specified in I.C. § 18–3302(12) or other subsections.

The district court's appellate order is reversed, and we reinstate the magistrate's order granting a judgment of acquittal on the charge of carrying a concealed weapon.

WALTERS, C.J., and PERRY, J., concur.

---

5. At the time when Morales was charged, the statute required the sheriff to mail a copy of each license to the Department. *See* I.C. § 18–3302(1) (1991).