924 P.2d 234

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Richard HALEY, Defendant–Appellant.**

No. 22340.

Court of Appeals of Idaho.

Aug. 29, 1996.

Van G. Bishop, Canyon County Public Defender, G. Edward Yarbrough, Deputy Public Defender (argued), Nampa, for defendant–appellant.

Alan G. Lance, Attorney General, Catherine O. Derden, Deputy Attorney General (argued), Boise, for plaintiff–respondent.

PERRY, Judge.

This is an appeal from the district court's order affirming Richard Haley's judgment of conviction for carrying a concealed weapon. I.C. § 18–3302.[1] Haley claims, as he did

1. Idaho Code Section 18–3302 provides, in part:
   (7) Except in the person's place of abode or fixed place of business, a person shall not carry a concealed weapon without a license to carry a concealed weapon. For the purposes of this section, a concealed weapon means any dirk, dirk knife, bowie knife, dagger, pistol, revolver, or any other deadly or dangerous weapon.

The provisions of this section shall not apply to any lawfully possessed shotgun or rifle.
   . . . .
   (9) While in any motor vehicle, inside the limits or confines of any city or inside any mining, lumbering, logging or railroad camp a person shall not carry a concealed weapon on or about his person without a license to carry a

before the district court, that he was not carrying the gun within the meaning of the statute. He further argues that the state failed to prove the gun was assembled, which he asserts is an element of the crime.

## I.

## FACTS AND PROCEDURE

Officer Lindauer, of the Nampa Police Department, issued a citation charging Haley with carrying a concealed weapon in an automobile. Haley pled not guilty and went to trial before a jury. Officer Lindauer testified, that upon responding to a call from a service station near the freeway, he was approached by Rochelle Haley and Truman Owens. Rochelle and Owens reported that Haley, Rochelle's father, was across the street, armed with a handgun and that he had threatened to shoot them. The officer testified that he then drove across the street toward Haley's pickup and as he approached the vehicle, Haley got out of the pickup and locked it. The officer stated that he then approached on foot, frisked Haley and began to question him. In answer to the officer's inquiries, Haley indicated that he had a gun and that it was covered by some clothing in the cab of the pickup. The officer testified that he retrieved a .25 caliber semi-automatic handgun, which contained a magazine with four live rounds, from the pickup.

Haley testified regarding allegations of domestic violence between Rochelle and Owens, as well as his relationship with the couple. Haley challenged the allegation that he had threatened to shoot Owens or Rochelle. He did not otherwise contradict the account given by the officer. The magistrate presiding over the proceedings denied a motion to acquit after the close of the prosecution's case and again after the close of Haley's case. The jury found Haley guilty. The magistrate sentenced Haley to: thirty days in jail, with twenty-eight of those days suspended; a fine of $150; and one year of unsupervised probation. Haley appealed the judgment of

conviction to the district court, which affirmed.

## II.

## ANALYSIS

■ Haley asserts that Idaho Code Section 18–3302 should not be construed to criminalize the manner in which he was transporting his gun and further argues that the evidence presented was insufficient to support a conviction. Our standard of review of a lower court's determination of issues of statutory interpretation and of the validity of statutes is one of free review. *State v. Morales,* 127 Idaho 951, 953, 908 P.2d 1258, 1260 (Ct.App.1996); *State v. Nelson,* 119 Idaho 444, 446, 807 P.2d 1282, 1284 (Ct.App.1991). As to the question of sufficiency of the evidence to support a jury finding that the gun was assembled, where there is substantial, competent evidence to support a jury verdict, it will not be disturbed on appeal. *State v. Clayton,* 101 Idaho 15, 16, 607 P.2d 1069, 1070 (1980); *State v. Whiteley,* 124 Idaho 261, 270, 858 P.2d 800, 809 (Ct.App.1993). On review of a decision of the district court, rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *State v. Schoonover,* 125 Idaho 953, 954, 877 P.2d 924, 925 (Ct.App.1994); *State v. Bowman,* 124 Idaho 936, 939, 866 P.2d 193, 196 (Ct.App.1993).

### A. Sufficiency of the Evidence—Element of "Carrying" a Concealed Weapon

Haley contends that, because the gun was in the pickup he was not carrying it on or about his person, the conduct prohibited by the statute.

According to the Supreme Court of Idaho

One carries a weapon "upon or about his person" not only when he physically is carrying it in his clothing or in a handbag of some sort, but also when he goes about with the weapon in such close proximity to

concealed weapon. This shall not apply to any pistol or revolver located in plain view whether it is loaded or unloaded. A firearm may be

concealed legally in a motor vehicle so long as the weapon is disassembled or unloaded.

himself that it is readily accessible for prompt use.

*State v. McNary,* 100 Idaho 244, 247, 596 P.2d 417, 420 (1979), *quoting* I.C. § 18–3302. Hence the question before this Court is whether the evidence presented at trial was sufficient to meet the test set forth in *McNary.*

The district court, in reviewing this case, found that Haley's gun was readily accessible for prompt use and was therefore on or about his person for the purposes of I.C. § 18–3302. The district court went on to hold that "merely because he exited the pickup without the gun when the police officer approached does not take him out of the purview of the statute given the rule from *McNary.*" We agree.

■ The officer observed Haley in the pickup and later found a loaded weapon in the cab of the pickup. The gun was on the side of the passenger seat closest to the driver and was available for prompt use. Haley admitted that he was in the pickup and that he was transporting a loaded weapon which was covered with clothing. The fact that Haley exited the pickup at the time the officer arrived does not remove Haley from the purview of the statute. The evidence presented at trial was sufficient to indicate that the gun was in close proximity to Haley, while he was in the pickup, and was readily accessible for use.

### B. Disassembled—Not An Element of the Offense

At trial, the state established through testimony that Haley was in a motor vehicle, within the confines of a city, and that he had in his possession a weapon which he concealed. The state did not introduce evidence that the gun was operational or that no parts were missing. However, the state presented testimony by the officer identifying the gun and published the gun to the jury as evidence that Haley possessed a weapon.

Haley contends that: (1) a necessary element of I.C. § 18–3302(9) is that the gun was assembled; and (2) the state failed to prove

that the gun found in Haley's pickup was assembled. Haley posits that, because no evidence to the contrary was presented by the state at trial, the firing pin may have been removed from the gun. Haley argues, that if the firing pin was removed, the gun was disassembled and could legally be transported while concealed. The state argues that there is a distinction between disassembled and inoperable and asserts that removal of a firing pin would not make a gun disassembled. Rather, the state argues that a gun would only be disassembled if the gun had been taken apart and there was sufficient evidence in this case to indicate that the gun had not been taken apart.[2]

Further, the state refers to instruction 201B which required the jury to find the prosecution proved beyond a reasonable doubt that the weapon was not disassembled or unloaded in order to convict Haley. The state argues that, regardless of whether I.C. § 18–3302 actually requires the prosecution to prove that the gun was assembled, that burden was imposed on the prosecution in this case by the jury instructions as given. Hence, the state argues that no remedy is appropriate regardless of this Court's interpretation of I.C. § 18–3302.

The elements of carrying a concealed weapon are set forth in Idaho Code Sections 18–3302(7) and (9). *See State v. Morales,* 127 Idaho 951, 953, 908 P.2d 1258, 1260 (Ct.App. 1996). Haley points to the last sentence in subsection (9) and claims that it makes assembly of the gun an element of the crime of carrying a concealed weapon.

The Idaho Supreme Court has stated that in the absence of a statute otherwise allocating the burden of proof:

> [T]he general rule is that the burden is upon the state in a criminal case to negative any exception or proviso appearing in that part of the statute which defines the crime if the exception is "so incorporated with the language describing and defining the offense that the ingredients of the offense cannot be accurately and clearly described if the exception is omitted...."

2. Disassemble—to take apart: separate into constituent parts: to come apart. WEBSTER'S

THIRD NEW INTERNATIONAL DICTIONARY (1993).

41 AM. JUR. 2D, *Indictments and Informations*, § 98, pp. 940–41 [*sic*].

*State v. Segovia*, 93 Idaho 208, 210, 457 P.2d 905, 907 (1969). However, if the exception is not so incorporated with the clause defining the offense as to become a material part of the definition of the offense, then it is a matter of defense and must be shown by the other party, though it be in the same section. *Cope v. State*, 89 Idaho 64, 69, 402 P.2d 970, 973 (1965).

 In reviewing I.C. § 18–3302(9), this Court determined that "without a license to carry a concealed weapon" is an integral part of the conduct proscribed and, therefore, an essential element of the crime which must be proved by the state. *Morales*, 127 Idaho at 954, 908 P.2d at 1261. The crime charged in *Morales* was carrying a concealed weapon without a license—clearly the absence of a license was integral to the crime. However, the crime of carrying a concealed weapon in a motor vehicle without a license can be described without reference to the state of assembly of the weapon. Further, the phrase considered in *Morales* can be found in the first sentence of I.C. § 18–3302(9), which is one of the defining clauses. The phrase, "so long as the weapon is disassembled or unloaded," is in the last sentence of subsection (9) and can be removed without lessening the clarity of the description of the crime. Thus, the gun's assembly is not an element of the offense which must be proved by the state. Accordingly, we need not determine whether the removal of a firing pin would constitute disassembly.

## III.

## CONCLUSION

The state provided sufficient evidence to support the factual findings that Haley had a weapon concealed in close proximity to himself in his motor vehicle without a license to do so. The state was not required to prove the gun was assembled. Hence, the state provided substantial and competent evidence to support the jury's verdict. For the foregoing reasons, we affirm Haley's judgment of conviction for carrying a concealed weapon without a license.

WALTERS, C.J., and LANSING, J., concur.