90 P.3d 1279

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Luis Moreno LOPEZ, Defendant–Appellant.**

No. 29272.

Court of Appeals of Idaho.

May 14, 2004.

198

Greg S. Silvey, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Rebekah A. Cudé, Deputy Attorney General, Boise, for respondent.

LANSING, Chief Judge.

Luis Moreno Lopez appeals from the judgment of conviction and sentence entered after he was found guilty of conspiracy to traffic in heroin. Lopez contends that there was insufficient evidence to sustain the guilty verdict. He also asserts that the district court abused its discretion in denying his Idaho Criminal Rule 35 motion for reduction of his sentence.

# I.

## BACKGROUND

While investigating an unrelated incident, police discovered thirty-eight heroin-filled balloons at the residence of Roy Grasmick. Grasmick told the officers that he had received the heroin from Lopez and his brother, Jose. According to Grasmick, between August and December 2001, Lopez and his brother provided to Grasmick, for further distribution, approximately thirty balloons of heroin per day. Each balloon held about one-tenth of a gram. The Lopezes paid Grasmick for his services with money and/or heroin. Grasmick agreed to work with the police on two controlled buys from the Lopezes. In the first buy, Grasmick met with a courier who had been sent by the Lopezes, and exchanged $1,300 in marked bills for forty-four heroin balloons. In the second buy, Grasmick met with Lopez and his brother and exchanged another $1,300 in marked bills for forty-one heroin balloons. After the

second buy, Lopez and his brother were arrested.

Lopez was charged with conspiracy to traffic in twenty-eight grams or more of heroin, Idaho Code §§ 18–1701 and 37–2732B(a)(6). He pleaded not guilty, and the case proceeded to trial. At the end of the State's case-in-chief, Lopez moved for a judgment of acquittal on the ground that the State had not proven that the heroin found in the possession of Lopez and his co-conspirators weighed twenty-eight grams or more, the quantity alleged in the charging information. The district court denied the motion. Lopez was found guilty and was sentenced to a unified term of life imprisonment with fifteen years determinate. He filed a motion for reduction of sentence, which the district court denied.

# II.

## ANALYSIS

### A. Sufficiency of the Evidence

On appeal, Lopez contends that the district court erred in denying his motion for a judgment of acquittal because the State did not prove that the heroin recovered by the police during the investigation weighed twenty-eight grams or more. The charging information alleged that Lopez conspired and agreed "to deliver or possess with the intent to deliver, twenty-eight grams or more of a controlled substance, to wit: heroin." Lopez reasons that, given this allegation, the State was obligated to prove that the police discovered at least twenty-eight grams of heroin in their investigation of Lopez and his co-conspirators.

The State responds that because Lopez was charged with *conspiracy* to traffic, not with trafficking, it was unnecessary to prove that he and his co-conspirators actually possessed or distributed twenty-eight grams, or any particular quantity, of heroin. Rather, the State asserts, it was required to prove only that Lopez and his brother conspired to do so by agreeing to traffic in twenty-eight grams or more of heroin and taking steps in furtherance of that conspiracy.

Our initial issue on appeal, therefore, is the nature of the State's burden of proof on a charge of conspiracy to traffic in a specified quantity of a controlled substance. The conspiracy statute under which Lopez was charged, I.C. § 18–1701, defines a criminal conspiracy as follows:

If two (2) or more persons combine or conspire to commit any crime or offense prescribed by the laws of the state of Idaho, and one (1) or more of such persons does any act to effect the object of the combination or conspiracy, each shall be punishable upon conviction in the same manner and to the same extent as is provided under the laws of the state of Idaho for the punishment of the crime or offenses that each combined to commit.[1]

Idaho appellate courts have stated that a conspiracy consists of an agreement between two or more persons to accomplish an illegal objective, coupled with one or more overt acts in furtherance of that objective, as well as the intent necessary to commit the underlying substantive crime. *State v. Munhall*, 118 Idaho 602, 606, 798 P.2d 61, 65 (Ct.App.1990); *State v. Martin*, 113 Idaho 461, 466, 745 P.2d 1082, 1087 (Ct.App.1987). Thus, the conspiracy offense as charged against Lopez required the State to prove that: (1) Lopez and at least one other person agreed to traffic twenty-eight grams or more of heroin, (2) at least one of the conspirators performed some act in furtherance of the agreement, and (3) Lopez had the requisite intent to traffic in heroin. Contrary to Lopez's argument, the State was not required to prove that it found twenty-eight grams or more of heroin in its investigation of the Lopezes. Actual possession or delivery of that quantity of heroin was not an element of the charged conspiracy; the State was required only to prove, with direct or circumstantial evidence, an *agreement* to traffic in that amount.

An agreement that is the foundation of a conspiracy charge need not be formal or express, and the evidence of the agreement need not be direct. Rather, the agreement may be inferred from the circumstances and proven by circumstantial evidence. *Martin*, 113 Idaho at 466, 745 P.2d at 1087; *State v. Gallatin*, 106 Idaho 564, 569, 682 P.2d 105, 110 (Ct.App.1984). A jury's verdict that the State has met its burden of proof will not be set aside on appeal if the verdict is supported by substantial and competent evidence upon which a rational trier of fact could find all elements of the crime beyond a reasonable doubt. *State v. Blake*, 133 Idaho 237, 242, 985 P.2d 117, 122 (1999); *State v. Haley*, 129 Idaho 333, 334, 924 P.2d 234, 235 (Ct.App. 1996).

The evidence here was sufficient to allow the jury to find beyond a reasonable doubt that the Lopez brothers had agreed to traffic in at least twenty-eight grams of heroin. The evidence showed that for over three months, the Lopezes had made daily deliveries to Grasmick of a substance represented to be heroin in quantities that totaled approximately 270 grams. Testimony concerning the two controlled buys showed deliveries to Grasmick of eighty-five balloons, or approximately eight grams, of a substance represented to be heroin. Laboratory tests of the contents of approximately half of those balloons confirmed that they contained heroin. Balloons, scales and heroin, as well as surveillance equipment, were discovered in a

---

1. The offense that Lopez was charged with conspiring to commit, is defined in I.C. § 37–2732B(a)(6) as follows:

   Any person who knowingly manufactures, delivers or brings into this state, or who is knowingly in actual or constructive possession of, two (2) grams or more of heroin or any salt, isomer, or salt of an isomer thereof, or two (2) grams or more of any mixture or substance containing a detectable amount of any such substance is guilty of a felony, which felony shall be known as "trafficking in heroin."

   Although trafficking in heroin may occur with the possession of as little as two grams, the State specifically alleged that Lopez had conspired to traffic in twenty-eight grams or more, an allegation which enhanced the penalty. The twenty-eight-gram quantity is drawn from I.C. § 37–2732B(a)(6)(C) which provides that where the quantity is twenty-eight grams or more, the mandatory minimum term of imprisonment for trafficking in heroin is fifteen years and the minimum fine is $25,000. Idaho Code § 18–1701 provides that those who are convicted of conspiracy to commit a crime are punishable in the same manner and to the same extent as is provided under Idaho law for the punishment of the completed offense.

room being used by the Lopezes, and at the time of their arrest, they possessed $1,300 in marked bills from the second controlled buy and $5 in marked bills from the first controlled buy. This evidence amply supports the requisite inference that Lopez and his brother intended to traffic in twenty-eight grams or more of heroin. Accordingly, the district court did not err in denying Lopez's motion for a judgment of acquittal.

## B. Rule 35 Motion

Lopez also contends that the district court erred in denying his Idaho Criminal Rule 35 motion for reduction of his sentence. Lopez acknowledges that the fifteen-year fixed portion of his sentence is the mandatory minimum sentence required by I.C. § 37-2732B(a)(6) and I.C. § 18-1701, but argues that the indeterminate portion of his sentence is excessive in view of Lopez's young age and lack of criminal record. On appellate review of a sentence, we ordinarily consider the determinate term as the probable duration of incarceration. *State v. Bayles,* 131 Idaho 624, 627, 962 P.2d 395, 398 (Ct.App.1998); *State v. Sanchez,* 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). The indeterminate portion of a sentence will be examined only if the defendant shows that special circumstances require consideration of more than the fixed period of confinement.

*Bayles,* 131 Idaho at 628, 962 P.2d at 399; *State v. Herrera,* 130 Idaho 839, 840, 949 P.2d 226, 227 (Ct.App.1997). Lopez has shown no special circumstances that would warrant our review of the indeterminate portion of his sentence. Therefore, we find no error in the district court's denial of Lopez's motion for reduction of his sentence.

## III.

## CONCLUSION

The evidence presented by the State was sufficient to allow a jury to find all of the essential elements of the charged conspiracy, and the district court therefore did not err in denying Lopez's motion for judgment of acquittal. Lopez has not shown error in the district court's denial of his motion for reduction of the sentence. Accordingly, the judgment of conviction and the order denying Rule 35 relief are affirmed.

Judge PERRY and Judge GUTIERREZ concur.