## No. 31,939

The State of Kansas, *Appellee*, v. P. F. Dobson, *Appellant*.

(37 P. 2d 10)

Opinion filed November 3, 1934.

*Alvin R. Springer*, of Manhattan, and *Guy L. Hursh*, of Topeka, for the appellant.

*Roland Boynton*, attorney-general, *E. E. Steerman*, assistant attorney-general, and *Scott Pfuetze*, county attorney, for the appellee; *Hart Workman* and *Forrest D. Smythe*, both of Topeka, of counsel.

The opinion of the court was delivered by

Burch, J.: Defendant was convicted of violation of the speculative securities act. He was charged in one count of the information with selling one hundred shares of unregistered corporate stock, and in another count with making the sale as agent without being registered as agent. The jury found defendant guilty on both counts. The court adjudged defendant guilty of "the crime" of selling unregistered securities, and selling securities without being registered as agent, and imposed a single sentence. Defendant appeals.

The complaint on which the warrant for defendant's arrest was issued, and the, warrant, charged unlawful sale of securities without naming the purchaser. Defendant waived preliminary examination. The information charged sale to William Keith, and defend-

ant filed a plea in abatement on the ground he had not been tendered a preliminary examination on the charge of sale to Keith. Defendant was warned the proceedings portended an information charging sale to Keith. The complaint was verified by the county attorney. Attached to and made part of the complaint was a sworn statement by Keith, giving details of a sale to him.

Defendant complains because the information charged violation of the securities act without negativing certain exemptions specified in the act. The act specifically provides for that method of pleading (R. S. 1931 Supp. 17-1245) and, without the statute, the pleading was good. (*State v. Nossaman,* 120 Kan. 177, 243 Pac. 326; *State v. Eary,* 121 Kan. 339, 343, 246 Pac. 989.)

Defendant was prosecuted for sale of unregistered shares of stock.

The speculative securities act forbids sale of certain securities. The term "sale" includes any disposition for value, and the term "securities" includes any stock, share, bond or note. (R. S. 1931 Supp. 17-1223 [2] [3].)

What defendant did was to enlist Keith's interest in a gold mine in Alaska, development of which was promoted by the Corgona Gold Mining Company. The result was, Keith was induced to pay $100, for which he was to receive and did receive the company's promissory note for $100 and one hundred shares of stock of the company. This was not an isolated transaction. The company was financing its project by such transactions, and defendant received a commission of twenty per cent on all money he raised in that way.

It is plain the note was a security disposed of to Keith for value, precisely as if it had been a bond. The shares of stock were also securities which were in fact included in the transaction of disposition for value to Keith of the other security. While it was definitely understood that if Keith advanced $100 to the company he would get both the note and the shares of stock, he was told, in the course of the negotiations, the company was not selling stock. At the trial the court included in the instructions to the jury the following portion of the speculative securities act:

"Any security given or delivered as a bonus with any sale of securities, as such sale is herein defined, or with any other thing, shall be conclusively presumed to constitute a part of the subject of such sale and to have been sold for value." (R. S. 1931 Supp. 17-1223 [2].)

Defendant contends the statute is void, as invading the province

of the judiciary to determine the existence or nonexistence of facts on which rights and liabilities depend.

The quoted provision is contained in the section of the statute devoted to definition of sale, and has nothing whatever to do with evidence. The legislature knew, as everybody knows, that giving bonus stock is a method of putting over a sale, and what the statute does is to include that element of a sale transaction in the definition of sale. So interpreted, the statute is valid.

Defendant requested numerous instructions, which were not given. Those of chief importance were not in accord with the views which had been expressed, and the jury was clearly and adequately instructed.

Defendant moved to require the state to elect whether it would rely for conviction on the count charging sale of unregistered securities or on the count charging sale by an unregistered agent. The motion was denied. The subject is not important because of the nature of the court's judgment and the nature of the sentence. The question raised by the motion is discussed in the opinion in the case of *State v. Fleming*, post, p. 464, this day decided.

There is nothing else of consequence in the appeal, and the judgment of the district court is affirmed.