IN THE MATTER OF THE APPLICATION OF JAMES W. CRAWFORD, FOR A WRIT OF HABEAS CORPUS.

No. 3356

December 19, 1941.                           120 P. (2d) 207.

*William S. Boyle* and *Thomas H. Grimm,* both of Reno, for Petitioner.

*Gray Mashburn,* Attorney-General, *W. T. Mathews* and *Alan Bible,* Deputy Attorneys-General, of Carson City; *Ernest S. Brown,* District Attorney, and *Myron R. Adams,* Deputy District Attorney, both of Reno, for Respondent.

## OPINION

By the Court, DUCKER, C. J.:

This is an original proceeding in habeas corpus.

The petitioner pleaded guilty in the district court to

an information charging rape, and was committed to the Nevada state prison, where he is now confined. The charging part of the information is as follows:

"That the said defendant on the 21st day of September, A. D. 1941, or thereabouts, and before the filing of this information, at and within the County of Washoe, State of Nevada, did then and there, he being a male person over the age of sixteen years, to-wit: Of the age of thirty-one years, wilfully, unlawfully and feloniously have carnal knowledge of one Juanita E. Rollins, a female child under the age of eighteen years, to-wit: Then and there being of the age of sixteen years, with the felonious intent then and there to rape her, the said Juanita E. Rollins."

Petitioner contends that he is illegally restrained of his liberty because the information does not allege that said female child was not his wife. The statute pursuant to which the information was drawn provides in the part necessary to be considered here: "And any person of the age of sixteen years or upwards who shall have carnal knowledge of any female child under the age of eighteen years, either with or without her consent, shall be adjudged guilty of the crime of rape and punished as before provided. A husband may not be convicted of the rape of his wife unless he is an accomplice or accessory to the rape of his wife by a third person." Stats. 1939, c. 20, p. 15.

That part of the statute concerning a husband was enacted therein by amendment by the legislature of 1939.

The question presented for solution is whether the provision of the amendment that a husband may not be convicted of the rape of his wife is an essential ingredient of the offense. defined. If so, it was a necessary allegation in the information. This court has dealt several times with the question of pleading, in a criminal charge, an exception in a statute defining a felony, and has held in each instance that it was unnecessary to allege the exception. State v. Robey, 8 Nev. 312;

State v. Ah Chew, 16 Nev. 50, 40 Am. Rep. 488; Ex parte Davis, 33 Nev. 309, 110 P. 1131. The rule is ably discussed in State v. Ah Chew, supra. The section of the statute there construed reads:

"It shall be unlawful for any person or persons, as principals or agents, to sell, give away, or otherwise dispose of any opium in this state, except druggists and apothecaries, and druggists and apothecaries shall sell it only on the prescription of legally practicing physicians." Stats. 1877, p. 69.

■ The indictment did not allege that the defendant was not within the exception. It was held unnecessary. In substance it was said that in an indictment for a statutory offense it is only necessary to state the negative to an exception to the statute when the exception is such as to render the negative of it an essential part of the definition or description of the offense charged. This is a general rule.

In 31 C. J. 269, it is thus stated: "It is necessary to negative an exception contained in a statute defining an offense where it forms a portion of the description of the offense, so that the ingredients thereof cannot be accurately and definitely stated if the exception is omitted. Where, however, the exception or proviso is separable from the description and is not an ingredient thereof, it need not be noticed in the accusation, being a matter of defense."

■ The application of this rule to the statute before us impels us to conclude that it was unnecessary to negative the marital relation in the information.

■ Petitioner stresses the fact that the provision of the statute concerning a husband was enacted therein by amendment, as giving force to his argument that it was intended that such provision be an essential part of the definition of the crime of rape. If not, he says, why the amendment? This view does not impress us as of that significance. Rather, it is more logical to conclude that it was intended to codify the common-law rule that it was competent for a party to show, in

defense of a charge of rape, that the prosecutrix was his wife. And also to state the common-law exception to it, namely, when the husband was an accessory to the crime by a third person. At common law it was not necessary to allege that the prosecutrix was not the wife of the defendant. Commonwealth v. Fogerty, 8 Gray, Mass., 489, 69 Am. Dec. 264. In that case the court said:

"Such an averment has never been deemed essential in indictments for rape, either in this country or in England. The precedents contain no such allegation. See authorities before cited. A husband may be guilty at common law as principal in the second degree of a rape on his wife by assisting another man to commit a rape upon her; Lord Audley's Case, 3 Howell's State Trials, 401."

The cases cited by petitioner asserting a contrary doctrine are not applicable. The statutes construed are unlike ours, and their structure was such as to persuade the courts that the additional element that prosecutrix was not the wife of the accused had been injected into the definition as an essential ingredient of the crime of rape. The language of our statute defining the offense is so entirely separable from the exception that the ingredients constituting the offense are accurately and clearly defined without any reference to the exception. United States v. Cook, 17 Wall. 168, 21 L. Ed. 538. Its location in the statute, coupled with a provision whereby a husband may be convicted of rape of his wife, makes illogical a deduction that the negative is an essential part of the offense.

It follows from the views we have expressed, that the writ heretofore issued herein must be discharged, the proceeding dismissed, and petitioner remanded to the custody of the warden of the state prison of the state of Nevada.

It is so ordered.