402 P.2d 970

**Jacob A. COPE, Petitioner-Appellant,**

**v.**

**STATE of Idaho, Defendant-Respondent.**

**No. 9429.**

Supreme Court of Idaho.

June 7, 1965.

Brauner & Fuller, Caldwell, for appellant.

Allan G. Shepard, Atty. Gen., and Thomas G. Nelson, Deputy Atty. Gen., Boise, C. Robert Yost, Pros. Atty., Caldwell, for respondent.

McQUADE, Chief Justice.

On April 16, 1963, a warrant for the arrest of Jacob A. Cope was issued by a justice of the peace for the Bellingham precinct, Whatcom County, Washington. The warrant was issued pursuant to an affidavit (complaint) sworn to by Henry K. Dyck, charging Cope with the crime of selling unregistered securities on or about September 2, 1961.

The affidavit for warrant for arrest reads in part:

"Then and there being the said VINCENT LEE HUMPHREYS and JACOB A. COPE, and each of them, did then and there wilfully, unlawfully, knowingly and feloniously offer to sell and did sell certain securities as defined in R.C.W. 21.20.005(12), to-wit: Vincent Lee Humphreys and Associates

Net Royalty Certificate No. 00016 and Vincent Lee Humphreys and Associates Negotiable Promissory Obligation No. 00016, to said Henry K. Dyck; that no such securities were then registered by notification, coordination, or qualification under R.C.W. 21.20, all of which is contrary to the provisions of R.C.W. 21.20.140 and against the peace and dignity of the State of Washington; contrary to the form of statute in such case made and provided, against the peace and dignity of the State of Washington."

The warrant was in the same language and made the same allegations.

On the combined strength of the affidavit and warrant for arrest and because Cope was not to be found within the boundaries of the State of Washington, extradition proceedings were instituted by the Governor of the State of Washington. On June 3, 1963, a rendition warrant was issued by the Governor of the State of Idaho, ordering the arrest and detention of petitioner and his delivery to authorized agents for return to the State of Washington. The reasons stated by the Governor of the State of Idaho for issuance of the rendition warrant are as follows:

"Whereas, His Excellency, ALBERT D. ROSELLINI, Governor of the State of Washington has made a requisition upon me, duly authenticated in accordance with the laws of the said State of Washington showing that one Jacob A. Cope stands charged by the indictment found in the County of Whatcom in said State with the crime of Selling unregistered securities and that the said Jacob A. Cope is a fugitive from the Justice of said State of Washington and that he has taken refuge in the State of Idaho."

Pursuant to this rendition warrant, the petitioner was arrested and detained by the sheriff of Canyon County. On August 8, 1963, a petition for writ of habeas corpus was filed on behalf of petitioner in the Seventh Judicial District Court, in and for Canyon County. On that day the writ of habeas corpus was granted. The petition alleged the petitioner was being unlawfully detained and deprived of his liberty and that the requisition warrant issued by the State of Washington was void; that the requisition does not comply with the laws governing requisitions for the extradition of fugitives from justice; that the felony complaint (affidavit for warrant for arrest) fails to set forth sufficient facts to constitute an offense under and by virtue of the Washington statutory law; that petitioner is informed and believes that the affidavit for the warrant for arrest was not signed by the party whose name appears thereon but by another individual and is, therefore, void and causes the said Idaho Governor's warrant to be void; and that

the charges are untrue and cannot be substantiated by evidence.

On October 25, 1963, a hearing was had on the writ of habeas corpus and return thereto. On November 4, 1963, the district court quashed the writ of habeas corpus and remanded petitioner to the custody of the sheriff of Canyon County for extradition.

Cope appeals from the proceedings held on October 25, 1963, assigning three errors committed by the trial court.

Generally the assignments of error require a determination whether the affidavit and warrant have sufficiently charged Cope with the commission of a crime under the laws of the State of Washington.

The particular statute challenged is R.C.W. 21.20.140, titled REGISTRATION OF SECURITIES:

"21.20.140 Unlawful to offer or sell unregistered securities—Exceptions. It is unlawful for any person to offer or sell any security in this state, except securities exempt under RCW 21.20.-310 or when sold in transactions exempt under RCW 21.20.320, unless such security is registered by notification, coordination, or qualification under this chapter. [1959, c. 282, § 14.]"

Petitioner Cope relies upon the failure to negative the exceptions in the above statute as grounds for reversal. The exception relied upon is 21.20.320(1):

"21.20.320 Exempt transactions—Denial, revocation of certain exemptions[—Fee for certain oil or gas exemptions]. Except as hereinafter in this section expressly provided, RCW 21.20.040 through 21.20.300, inclusive, shall not apply to any of the following transactions:

"(1) Any isolated transaction, or sales not involving a public offering, whether effected through a broker-dealer or not."

It is stated in In re Martz, 83 Idaho 72, 75, 357 P.2d 940, 942 (1960), that:

"The rendition warrant must show on its face that the requirements of the law have been fulfilled; namely (1) that the accused has been demanded as a fugitive from justice by the executive of the state from which he fled; (2) that he stands charged with the commission of a crime in that state; (3) that a copy of an indictment, or affidavit made before a magistrate, containing the charge, is presented with the requisition, duly certified as authentic." See also Application of Williams, 76 Idaho 173, 279 P.2d 882 (1955).

Appellant specifically challenges the fulfillment of the second requirement by the affidavit and warrant not negating the exception of 21.20.320(1).

The statutes of the State of Washington establishing the form of the indictment or information are found at R.C.W. 10.37.050 et al. Section 10.37.052 reads in part:

"The indictment or information must contain—

" *    *    *    *    *    *

"(2) A statement of the acts constituting the offense, in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended."

The question then arises, how is an accused party to know and understand the intendment of the indictment or information when the exceptions or exemptions of the charging statute are not negated?

The Washington court has held:

" *    *    *    exceptions need not be negatived unless they are in the enacting clause of the law—that is to say, if the act defining a crime does not in itself define a defense or exception, it is not necessary to negative the exceptions or defense in charging the crime. (Citing cases)" State v. Houck, 32 Wash.2d 681, 203 P.2d 693 (1949).

See also People v. Commons, 64 Cal.App. 2d Supp. 925, 148 P.2d 724 (1944); People v. Pierce, 14 Cal.2d 639, 96 P.2d 784 (1939); State v. Dobson, 140 Kan. 445, 37 P.2d 10 (1934); Ex parte Crawford, 61 Nev. 152,

120 P.2d 207 (1941); State v. Elliott, 234 Or. 522, 383 P.2d 382 (1963); State v. Bartow, 95 Wash. 480, 164 P. 227 (1917); State v. Davis, 43 Wash. 116, 86 P. 201 (1906).

The basis for the rule apparently grew from a statement in Jones v. Axen, 1 Ld. Raym. 120, 91 Eng.Rep. 976, where it was said:

" *    *    *    For, per Treby Chief Justice, the difference is, that where an exception is incorporated in the body of the clause, he who pleads the clause, ought also to plead the exception; but when there is a clause for the benefit of the pleader, and afterwards follows a proviso which is against him, he shall plead the clause, and leave it to the adversary to shew the proviso."

See also Steel v. Smith, 1 Barn. & Ald. 99, 106 Eng.Rep. 35, 37 (1817).

The rule was discussed by the Supreme Court of the United States in United States v. Cook, 17 Wall. 168, 84 U.S. 168, 21 L.Ed. 538 (1872). Therein it was said:

"Commentators and judges have sometimes been led into error by supposing that the words 'enacting clause,' as frequently employed, mean the section of the statute defining the offense, as contradistinguished from a subsequent section in the same statute, which is a misapprehension of the term, as the

only real question in the case is, whether the exception is so incorporated with the substance of the clause defining the offense as to constitute a material part of the description of the acts, omission, or other ingredients which constitute the offense. Such an offense must be accurately and clearly described, and if the exception is so incorporated with the clause describing the offense that it becomes in fact a part of the description, then it cannot be omitted in the pleading; but if it is not so incorporated with the clause defining the offense as to become a material part of the definition of the offense, then it is matter of defense and must be shown by the other party, though it be in the same section or even in the succeeding sentence.

* * *

"Few better guides upon the general subject can be found than the one given at a very early period, by Treby, Ch.J., in Jones v. Axen, 1 Ld. Raym. 120 [cited supra], * * *."

The State relies upon the later Supreme Court of the United States case of Mc-Kelvey v. United States, 260 U.S. 353, 43 S.Ct. 132, 67 L.Ed. 301. (1922), which stated:

"* * * By repeated decisions it has come to be a settled rule in this jurisdiction that an indictment or other pleading founded on a general provision defining the elements of an offense, or of a right conferred, need not negative the matter of an exception made by a proviso or other distinct clause, whether in the same section or elsewhere, and that it is incumbent on one who relies on such an exception to set it up and establish it." At page 357, 43 S.Ct. at page 134.

Failure to negative exceptions listed in R.C.W. 21.20.140 of the Washington statutes did not render the affidavit for warrant for arrest or the requisition warrant defective or void. The statute is general in nature. The crime is the selling or offering to sell unregistered securities in the State of Washington.

Judgment of the trial court quashing the writ of habeas corpus is affirmed.

McFADDEN, TAYLOR, SMITH and KNUDSON, JJ., concur.