798 P.2d 61

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Albert MUNHALL,
Defendant–Appellant.**

**No. 17472.**

Court of Appeals of Idaho.

April 2, 1990.

Rehearing Denied Sept. 11, 1990.

Petition for Review Denied Oct. 3, 1990.

Frederick G. Loats, Coeur d'Alene, for defendant-appellant.

Jim Jones, Atty. Gen., Kelly W. Wright, Deputy Atty. Gen. (argued), Boise, for plaintiff-respondent.

HART, Judge Pro Tem.

Albert Munhall entered a conditional plea of guilty to the crime of conspiracy to manufacture a controlled substance (methamphetamine). I.C. § 37–2732. Munhall reserved the right to appeal the district court's order denying his suppression motion and his motions to dismiss the charges

against him. I.C.R. 11(a)(2). Munhall was arrested when a vehicle he was driving was found to contain chemicals and instruments necessary for the production of methamphetamine. Munhall contends that the police lacked the requisite suspicion to effect an investigatory stop of the automobile; thus, the subsequent search of the vehicle was illegal. The state counters that Munhall lacks standing to contest the search. Munhall also argues that the charge should be dismissed because the Information filed against him failed to state a public offense. Munhall maintains that there was insufficient evidence at the preliminary hearing to bind him over to district court. The district court rejected Munhall's arguments. We affirm.

Preliminarily, we set forth the relevant facts. On October 8, 1987, Ronald Clark telephoned Dan Schierman, a deputy with the Shoshone County Sheriff's Department, and informed him that his estranged wife, Valorie Clark, was headed "down river" with a load of marijuana. The record contains conflicting testimony whether Mr. Clark informed Schierman that Munhall or anyone else was riding with Mrs. Clark. In a related phone conversation earlier in the day, Clark had warned Schierman that Clark's wife was leaving the area soon in a station wagon laden with marijuana (or drugs) and headed for Oregon.

Schierman received Clark's October 8 phone tip at his home. Clark told Schierman that his wife's car had just passed his home. Working from the tip, Schierman relayed the information to the sheriff's office. The dispatcher provided Deputy Maucotel with a detailed description of the automobile and notified him that marijuana was being transported in the car.

Maucotel located and followed the vehicle. Maucotel observed the vehicle swerve from the center of the road to the right edge of the road, crossing the fog line, in a jerking pattern. Because the dome light was on in the vehicle, Maucotel was able to observe that the driver was giving more attention to the vehicle passengers than to the road. Maucotel characterized the driving behavior as erratic and inattentive. After the arrival of a backup officer, Deputy Maucotel pulled the vehicle over to the side of the road.

The vehicle had three occupants: the driver, Albert Munhall; the owner, Valorie Clark; and another woman, Carol Matthews. Maucotel requested identification and proof of insurance from Munhall. The occupants were unable to produce proof of insurance. Knowing that the vehicle belonged to Valorie Clark, Maucotel explained to her that he suspected there were drugs in the vehicle. When he requested consent to search, she consented.

Maucotel placed the three occupants of the vehicle in a patrol car and commenced searching the Clark vehicle. The officers located various items, including a box of ammunition, two concealed weapons, a black purse containing syringes, plastic bags with a white powder residue, trace amounts of marijuana and various pieces of laboratory equipment. During the search, the officers detected what they believed to be the odor of ether, a potentially explosive chemical. They had the car towed to the sheriff's impound lot. The next day the police obtained a warrant for another search of the vehicle.

As a result of these searches the occupants of the vehicle were arrested for conspiracy to manufacture methamphetamine. Following a preliminary hearing, a magistrate concluded there was probable cause that the vehicle's occupants had committed the crimes charged in the complaint and bound them over to district court for trial.[1] In district court, Munhall filed a motion to dismiss, arguing that the prosecution produced insufficient evidence at the preliminary hearing. He also filed a motion to suppress the evidence, contending that the police lacked a basis to stop the vehicle he was driving and, hence, the subsequent search and seizure were illegal. In addition, Munhall filed a motion to dismiss

---

1. Although all three occupants of the vehicle were named as defendants in the Information, Munhall remains the only viable defendant following plea arrangements with Valorie Clark and Carol Matthews.

Count I of the Information on the ground that it failed to state a public offense. After an evidentiary hearing, the district court denied Munhall's motions. A conditional plea was entered and this appeal followed.

## INVESTIGATORY STOP

█ We first address Munhall's contention the search of the vehicle violated his constitutional rights. He postulates that the police performed an invalid investigatory stop. He maintains that because the traffic stop was invalid, the subsequent search of the vehicle was illegal.

Several factors led to the stop of the vehicle. However, we examine only one circumstance which is dispositive of Munhall's contention. After Schierman relayed his suspicions to Deputy Maucotel, Maucotel pursued the vehicle and subsequently observed Munhall engage in conduct indicating inattentive driving. This conduct served as a valid basis for stopping the vehicle. *See State v. Reed,* 107 Idaho 162, 686 P.2d 842 (Ct.App.1984). Thus the stop of the vehicle Munhall was driving was valid based upon reasonable and articulable suspicions by the police.

█ Munhall challenges the subsequent search of the vehicle. Although Munhall has standing to contest the investigatory stop of the vehicle, he has demonstrated no proprietary interest in the vehicle giving rise to a reasonable expectation of privacy within. *State v. Ryan,* 117 Idaho 504, 788 P.2d 1327 (1990); *see State v. Haworth,* 106 Idaho 405, 407, n. 2, 679 P.2d 1123, 1125, n. 2 (1984). Valorie Clark owned the vehicle and consented to the search. Munhall has no standing to contest the search of the vehicle.

## ADEQUACY OF THE INFORMATION

█ We next address Munhall's contention that Count I in the Information failed to allege that a public offense had been committed. Count I alleged that the occupants of the vehicle had violated Idaho Code § 37–2732(f), as follows:

That Albert Harold Munhall, Valorie Gaye Hass a/k/a Valorie Gaye Clark, and Carol Ann Mathews, on or about the 8th day of October, 1987, in the County of Shoshone, State of Idaho, then and there being, did then and there conspire to commit an offense in violation of the Uniform Controlled Substances Act, to-wit: by conspiring with each other to manufacture a controlled substance, to-wit: Methamphetamine, a Schedule II(D) Controlled Substance by they, the said defendants, obtaining and possessing glassware and other lab equipment for the manufacture of Methamphetamine and chemicals necessary for said manufacture.

An Information may not merely state the general crime for which a defendant is charged. Rather, it must contain a plain, concise and definite written statement of the essential *facts* constituting the offense charged, in such a manner as to enable a person of common understanding to know what is intended in the charge. *See* I.C.R. 7(a); *State v. Banks,* 113 Idaho 54, 740 P.2d 1039 (Ct.App.1987).

█ Munhall maintains that the Information is misleading because it purports to make possession of the "lab equipment" illegal. We disagree. In the introductory paragraph, the Information states that Munhall is accused "of the crimes of Violation of Idaho Code § 37–2732(f). Conspiracy to Violate the Uniform Controlled Substance Act, a felony, COUNT ONE; ..." The Information adequately informs Munhall that he is charged with conspiracy to manufacture methamphetamine. The Information lists the possession of the lab equipment and chemicals not as a criminal act *per se,* but rather as an overt act in furtherance of a conspiracy, a required element of conspiracy in Idaho. *See State v. Brown,* 113 Idaho 480, 491–93, 745 P.2d 1101, 1112–13 (Ct.App.1987). We agree that the phrasing in Count I of the Information could have been improved. However, the Information adequately notified Munhall of the criminal acts with which he was charged.

PRELIMINARY HEARING

Finally, Munhall argues that insufficient evidence was presented at the preliminary hearing to bind him over for trial. On review, the district court upheld the determination of the magistrate that the evidence submitted at the preliminary hearing was sufficient to show probable cause. *See*, I.C. § 19–815A.

■ At a preliminary hearing, the state must prove that a crime was committed and that there is probable cause to believe that the defendant committed the alleged crime. *State v. Fain*, 116 Idaho 82, 774 P.2d 252 (1989). The finding of probable cause must be based upon substantial evidence upon every material element of the offense charged. I.C.R. 5.1(b). This test may be satisfied through circumstantial evidence and reasonable inferences to be drawn from that evidence by the committing magistrate. A reviewing court will not substitute its judgment for that of the magistrate as to the weight of the evidence. *State v. Fain, supra* 774 P.2d at 254.

■ For a crime to exist, the essential elements of conspiracy are (1) the existence of an agreement to accomplish an illegal objective, (2) coupled with one or more overt acts in furtherance of the illegal purpose and (3) the requisite intent necessary to commit the underlying substantive offense. *State v. Martin*, 113 Idaho 461, 745 P.2d 1082 (Ct.App.1987). Munhall maintains that the state produced insufficient evidence on each of these elements. We disagree.

■ At the preliminary hearing, Officer Greenfield, who was involved in the vehicle search performed at the police station, testified that he had extensive experience in drug enforcement. He stated that in his opinion, the chemicals and equipment found in the vehicle could be used to manufacture methamphetamine. The chemicals and equipment were found in a vehicle occupied by Munhall, Clark, and Mathews. The state submitted evidence that in preparation for departure, Munhall and Mathews had left with an empty vehicle and had returned to retrieve Clark with a vehicle loaded with the "stuff." The three individuals were later apprehended by Deputy Maucotel.

Munhall contends that the state produced insufficient evidence to establish probable cause that an agreement to manufacture methamphetamine existed. In *Martin*, we held that a conspiratorial agreement need not be proven directly, but may be inferred from circumstantial evidence. *Martin, supra* at 466, 745 P.2d 1082. However, we are concerned here with the standards appropriate to a preliminary hearing and the state need not prove the element beyond a reasonable doubt. *See State v. Greensweig*, 102 Idaho 794, 641 P.2d 340 (Ct.App. 1982). The state produced sufficient evidence to support the probable inference that there was an agreement between the parties. The magistrate did not err in finding probable cause to bind Munhall over to district court for trial.

We affirm the district court's order denying Munhall's motion to suppress and motions to dismiss.

BURNETT and SWANSTROM, JJ., concur.