**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 34590**

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | **2008 Opinion No. 88** |
| Plaintiff-Respondent, ) | |
| ) | **Filed: September 29, 2008** |
| v. ) | |
| ) | **Stephen W. Kenyon, Clerk** |
| KENT JAY LESLIE, ) | |
| ) | |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Juneal C. Kerrick, District Judge.

Judgment of conviction for felony driving under the influence, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

PERRY, Judge

Kent Jay Leslie appeals from his judgment of conviction for felony driving under the influence (DUI). For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Leslie was stopped for driving erratically and failed several field sobriety tests. He was charged with misdemeanor DUI. I.C. § 18-8004. Later, it was discovered that Leslie had two previous convictions for DUI, one of which had been subject to an enhanced penalty for excessive alcohol concentration. I.C. § 18-8004C. Because of his previous record, the state amended Leslie's misdemeanor DUI citation to felony DUI. I.C. § 18-8005(5). Leslie filed a motion to have the prior DUI which was enhanced for excessive alcohol concentration stricken from his charging information. Leslie reasoned that an I.C. § 18-8005(5) enhancement was applicable only if he had pled guilty or been found guilty of three violations of I.C. § 18-

1

8004(1)(a), (b), or (c), within five years and that his prior conviction, with enhanced penalties for excessive alcohol concentration, was based on I.C. § 18-8004C. The district court denied Leslie's motion, holding that an enhanced conviction under I.C. § 18-8004C first required that Leslie be found guilty of I.C. § 18-8004(1)(a), (b), or (c). Therefore, the requirements of I.C. § 18-8005(5) were satisfied. Leslie entered a conditional guilty plea and was sentenced to a unified term of three years, with a minimum period of confinement of two years. The district court suspended the sentence and placed Leslie on probation. Leslie appeals, challenging the district court's denial of his motion to strike the previous DUI conviction with the excessive alcohol concentration enhancement.

## II.

## ANALYSIS

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Rhode*, 133 Idaho 459, 462, 988 P.2d 685, 688 (1999); *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction, it has the duty to ascertain the legislative intent and give effect to that intent. *Rhode*, 133 Idaho at 462, 988 P.2d at 688. To ascertain the intent of the legislature, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute, and its legislative history. *Id.* It is incumbent upon a court to give a statute an interpretation, which will not render it a nullity. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). Constructions of a statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004); *State v. Yager*, 139 Idaho 680, 690, 85 P.3d 656, 666 (2004).

Idaho Code Section 18-8004C provides, in pertinent part:

> Notwithstanding any provision of section 18-8005, Idaho Code, to the contrary:

(1) Any person who pleads guilty to or is found guilty of a violation of the provisions of section 18-8004(1)(a), Idaho Code, for the first time, but who has an alcohol concentration of 0.20, as defined in section 18-8004(4), Idaho Code, or more, as shown by an analysis of his blood, breath or urine by a test requested by a police officer, shall be guilty of a misdemeanor;

The statute then goes on to provide a greater penalty for this misdemeanor DUI than is applicable to a misdemeanor DUI where the alcohol concentration is less than 0.20.

Idaho Code Section 18-8005(5) then provides, in pertinent part:

Except as provided in section 18-8004C, Idaho Code, any person who pleads guilty to or is found guilty of a violation of the provisions of section 18-8004(1)(a), (b) or (c), Idaho Code, who previously has been found guilty of or has pled guilty to two (2) or more violations of the provisions of section 18-8004(1)(a), (b) or (c), Idaho Code, or any substantially conforming foreign criminal violation, or any combination thereof, within ten (10) years, notwithstanding the form of the judgment(s) or withheld judgment(s), shall be guilty of a felony;

Leslie argues that the plain language of I.C. § 18-8005(5) expressly excludes the consideration of prior convictions that are enhanced under I.C. § 18-8004C because the provision begins with "except as provided in section 18-8004C." Furthermore, he argues that the legislature expressly excluded I.C. § 18-8004C from consideration in I.C. § 18-8005(5) because I.C. § 18-8004C is a separate offense from I.C. § 18-8004(1)(a)-(c) that requires proof of an additional element--blood alcohol concentration above 0.20. Additionally, Leslie argues that any ambiguities in the statute must be resolved in favor of the defendant according to the rule of lenity.

We disagree. This section does not create a separate offense, as Leslie suggests. Rather, it is an enhanced penalty provision for those convicted of DUI with elevated blood alcohol levels. Idaho Code Section 18-8004C is entitled "Excessive alcohol concentration--Penalties." It explicitly provides that upon a finding of guilt under I.C. § 18-8004(1)(a), a defendant is subjected to the enhancement if his or her blood alcohol concentration is 0.20 or higher, notwithstanding any penalties imposed as a result of I.C. § 18-8005. Additionally, as the district court determined, the plain language of I.C. § 18-8004C presupposes a finding of guilt under I.C. § 18-8004(1)(a).

Next we consider Leslie's argument that the "except as provided in section 18-8004C" language of I.C. § 18-8005(5) precludes the use of a previous misdemeanor DUI, that was enhanced under I.C. § 18-8004C, from consideration for a repeat DUI felony enhancement. Idaho Code Section 18-8005(5) addresses repeat DUI offenders. Idaho Code Section 18-8004C pertains to offenders with excessive blood alcohol levels. There is no language in either section that lends to the conclusion that a previous misdemeanor DUI, enhanced under I.C. § 18-8004C, cannot be considered for the purposes of a later felony enhancement. Rather, the plain meaning of these two sections is that the penalty provisions of I.C. § 18-8004C apply rather than those specified in I.C. § 18-8005(5), when the alcohol concentration for the present offense is 0.20 or more. Therefore, I.C. § 18-8005(5) does not preclude the use of a previous conviction for which the penalty was enhanced under I.C. § 18-8004C, in its computation for felony enhancement for a repeat DUI offender. Because we find that the language of the two sections is plain and unambiguous, the rule of lenity does not apply.

Finally, we note that the policies behind providing enhanced penalties for repeat DUI offenders are to remove them from the roadways and to deter other potential offenders. Likewise, the policy behind providing enhancements for those more dangerous DUI offenders with excessive blood alcohol concentrations is to deter such persons from driving in such a condition or, in the alternative, to remove them from the roadways for a longer period of time. It would be an absurd result to hold that a repeat DUI offender should have a previous misdemeanor DUI stricken from consideration in determining enhancement to a felony DUI under I.C. § 18-8005 because the previous misdemeanor DUI was enhanced under I.C. § 18-8004C due to excessive blood alcohol concentration.

### III.

### CONCLUSION

The plain language of I.C. §§ 18-8004C and 18-8005(5) is unambiguous and does not preclude the use of a prior DUI conviction, with an enhanced penalty for excessive alcohol concentration, from being used in determining a repeat DUI offender felony enhancement. The district court did not err in denying Leslie's motion to strike that offense from the information. Therefore, Leslie's judgment of conviction for felony DUI is affirmed.

Chief Judge GUTIERREZ and Judge LANSING, **CONCUR.**