# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 39102

STATE OF IDAHO,

        Plaintiff-Appellant,

v.

CHRIS J. McLELLAN,

        Defendant-Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

2013 Opinion No. 5

Filed: January 23, 2013

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Ronald J. Wilper, District Judge.

Order dismissing charge of video voyeurism, <u>affirmed</u>.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for appellant. John C. McKinney argued.

Sara B. Thomas, State Appellate Public Defender; Sarah E. Tompkins, Deputy Appellate Public Defender, Boise, for respondent. Sarah E. Tompkins argued.

---

MELANSON, Judge

The State of Idaho appeals from the district court's order dismissing a charge of video voyeurism against Chris J. McLellan based on a finding that probable cause did not exist. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

From 2004 to the beginning of 2007, McLellan was involved in a romantic relationship with the victim in this case. During that time, McLellan and the victim created a video that depicted the victim undressing and exposing her fully naked body. In July 2009, after the relationship had ended, the victim became aware that a video depicting her naked body had been posted to multiple websites on the internet. The victim suspected McLellan of posting the video and contacted police. Officers questioned McLellan, and he admitted to posting the video on the internet. McLellan told the investigating officer he was upset with the victim due to an ongoing

1

custody dispute. The state filed a complaint, charging McLellan with video voyeurism under I.C. § 18-6609(2)(b). The complaint specifically alleged:

> That the Defendant . . . did with the purpose of sexually degrading and/or abusing another person, to-wit: [victim], did intentionally disseminate, publish or sell any image or images of the intimate areas of [victim] without the consent of [victim] and with the knowledge that the image or images would sexually abuse or degrade her.

At the preliminary hearing, the state presented testimony from the victim, the victim's current husband, and an officer. The victim's husband testified that he became aware of the video through an acquaintance and that, when the husband subsequently searched the internet using the victim's name, the video appeared on multiple websites. The husband testified that the video depicted the victim undressing for the camera; that the video contained very strange noises in the background; and that, at the end, a caption contained vulgar invective. The victim testified that, while she recalled making a nude video with McLellan, she did not know the video still existed. The victim never gave McLellan permission to publish or disseminate such video. The investigating officer testified that the video depicted a woman--appearing to be the victim--undressing for the camera. The officer stated that the woman looked at the camera several times, leading to the inference she knew the camera was there, and that her entire naked body was exposed. The state did not offer the video into evidence. The magistrate found probable cause existed to support the charge of video voyeurism and bound McLellan over to the district court. The state then filed its information, alleging the same facts as set forth in the initial complaint. McLellan filed a motion to dismiss pursuant to I.C. § 19-815A. The district court found that, based on the charges as alleged by the state, the state failed to present any evidence on the intent of McLellan when he obtained the video--a material element of the crime. Therefore, the district court dismissed the case. The state appeals.

## II.

## STANDARD OF REVIEW

The legal standard applicable to a finding of probable cause at a preliminary hearing does not require the state to prove the defendant guilty beyond a reasonable doubt. *State v. Phelps*, 131 Idaho 249, 251, 953 P.2d 999, 1001 (Ct. App. 1998). Rather, the state need only show that a crime was committed and that there is probable cause to believe the accused committed it. *Id*. A finding of probable cause must be based upon substantial evidence as to every material element

2

of the offense charged. I.C.R. 5.1(b). This requirement may be satisfied through circumstantial evidence and reasonable inferences to be drawn from that evidence by the committing magistrate. *State v. Munhall*, 118 Idaho 602, 606, 798 P.2d 61, 65 (Ct. App. 1990). A reviewing court will not substitute its judgment for that of the magistrate as to the weight of the evidence. *Id*. The decision of a magistrate that there exists probable cause to hold a defendant to answer before the district court should be overturned only on a clear showing that the committing magistrate abused its discretion. *State v. O'Mealey*, 95 Idaho 202, 204, 506 P.2d 99, 101 (1973).

## III.

## ANALYSIS

The state argues that the district court erred by concluding the evidence presented at the preliminary hearing did not constitute probable cause to believe McLellan committed video voyeurism. In this case, the prosecution alleged that McLellan had violated I.C. § 18-6609(2)(b) under a specific theory--that the video was obtained when the editing and captions were added, and the intent was to abuse or degrade the victim.[1] The state proceeded to argue this theory before the magistrate and subsequently to the district court. At no point did the state proffer its argument that the video was obtained when recorded and with one of the alternate intents. Because the state limited itself to this narrow theory of the case, the district court properly reviewed probable cause under this theory. We agree with the district court that, under this theory, probable cause was lacking. As alleged, the state had to show that the video was obtained to abuse or degrade the victim, which it did not show. The state's present argument that the video was obtained to satisfy sexual desires or prurient interests was not argued below, but is the state's theory on appeal. The state's argument hinges, therefore, upon the interpretation that,

---

[1] Idaho Code Section 18-6609(2)(b) provides:

> (2) A person is guilty of video voyeurism when, with the intent of arousing, appealing to or gratifying the lust or passions or sexual desires of such person or another person, or for his own or another person's lascivious entertainment or satisfaction of prurient interest, or for the purpose of sexually degrading or abusing any other person:
>
> . . . .
>
> (b) He intentionally disseminates, publishes or sells any image or images of the intimate areas of another person or persons without the consent of such other person or persons and with knowledge that such image or images were obtained with the intent set forth above.

under I.C.R. 5.1(b), the offense charged is any offense described in the statute cited in the state's complaint and information, as opposed to the allegations set forth and argued by the state. This would require the magistrate to find probable cause if the evidence presented fit under any subsection contained within the statute. McLellan argues that the offense charged constitutes the crime as alleged by the state and, here, there was no probable cause to bind McLellan over on the crime of video voyeurism as charged. Alternatively, McLellan argues that, even if he could be bound over on any theory under the statute cited, the information and evidence adduced at the preliminary hearing still failed to establish probable cause.

This case requires us to examine the role of a magistrate during a preliminary hearing. At a preliminary hearing, the state is required to present evidence "upon every material element of the offense charged." I.C.R. 5.1(b). While Rule 5.1 does not refer to the "offense as charged," the state presents its theory of the charge, both through argument and by the complaint filed. The magistrate is required to examine the charge from the state, along with the evidence presented, and determine whether "a public offense has been committed and [if] there is probable or sufficient cause to believe that the defendant committed such offense." I.C.R. 5.1(b). In doing so, the magistrate is entitled to rely on the theory and argument set forth by the state. There is no requirement that the magistrate search the record and the law to find alternate theories of the case for the state to proceed under. Indeed such a requirement would impose an undue burden upon our judiciary.[2] The duty to proffer theories of a case under which the state wishes to proceed rests solely with the state, as it possesses the power to bring and subsequently seek to amend and prosecute charges. Thus, the district court correctly dismissed the case pursuant to I.C. § 19-815A.

## IV.

## CONCLUSION

The state's argument that the magistrate or district court should have found probable cause under a theory it did not proffer is without merit. Therefore, we affirm the district court's order dismissing the charge of video voyeurism against McLellan based on its finding that probable cause did not exist.

Chief Judge GUTIERREZ and Judge GRATTON, **CONCUR.**

---

[2] We do not hold that a magistrate may not determine that an alternative theory exists under which the state may wish to proceed.

4