**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39891**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **2013 Opinion No. 47** |
| Plaintiff-Respondent, | ) | |
| | ) | **Filed: September 5, 2013** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| GARY L. SCHALL, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Stephen S. Dunn, District Judge.

Order denying motion to dismiss, <u>reversed</u>, and <u>case remanded</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Daphne J. Huang, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Gary L. Schall challenges the district court's denial of his motion to dismiss a felony charge for driving under the influence on the ground that the evidence at the preliminary hearing did not show probable cause to believe that a felony was committed. We reverse and remand.

**I.**

**BACKGROUND**

Following an August 9, 2011, traffic stop, Schall was arrested for driving under the influence, Idaho Code § 18-8004(1)(a). The State filed a complaint with a charging enhancement[1] elevating the charge from a misdemeanor to a felony under I.C. § 18-8005(6) on

---

[1]     Idaho courts have sometimes used the term "charging enhancement" or similar language to describe an element that elevates a charge from a misdemeanor offense to a felony offense. *See generally*, *State v. Weber*, 140 Idaho 89, 95, 90 P.3d 314, 320 (2004); *State v. Schmoll*, 144 Idaho 800, 803, 172 P.3d 555, 558 (Ct. App. 2007). This should not be confused with a

the ground that Schall had been twice convicted of driving under the influence within the preceding ten years.

At the close of the preliminary hearing, Schall moved to dismiss the charge pursuant to Idaho Criminal Rule 5.1(c), contending that the State had failed to show probable cause for a felony offense. Schall argued that because one of the alleged prior offenses was from Wyoming, the State bore the burden to place into evidence the Wyoming DUI statute under which he was convicted and demonstrate, as a matter of law, that this statute was "substantially conforming" to Idaho's DUI statute, I.C. § 18-8004, as required by I.C. §§ 18-8005(6) and 18-8005(10). The magistrate, however, held that it was Schall's burden to show that the Wyoming statute was noncomplying and that this should be done at the district court level. The magistrate then bound the defendant over to district court.

Schall pursued the issue in the district court through an I.C.R. 12(b)(1) motion to dismiss. He asserted the same alleged deficiency in the preliminary hearing evidence, arguing that the State had not met its burden to show probable cause for a felony. In the alternative, and taking heed of the magistrate court's ruling that Schall bore the burden of proof on the issue, Schall placed the Wyoming DUI statute before the court and argued that it did not substantially conform to I.C. § 18-8004, so the charge against him should be dismissed or reduced to a misdemeanor. As to the nature of the nonconformity, Schall pointed out that the Wyoming DUI law permits a conviction if breath test results show an alcohol concentration of less than .08, whereas Idaho law precludes a DUI charge in that circumstance; and Schall asserted that his Wyoming breath test showed an alcohol concentration of .06, which would not support a DUI conviction in Idaho. *See* I.C. § 18-8004(2). The district court held that the State did not bear the burden of proving that the Wyoming statute substantially conforms and that the preliminary hearing evidence was therefore adequate. The district court was of the view that once the State

---

"sentence enhancement," which authorizes or requires increased penalties for a misdemeanor or a felony in certain circumstances but does not, in the case of a misdemeanor, elevate the crime to a felony. *See generally*, *State v. Anderson*, 145 Idaho 99, 104, 175 P.3d 788, 793 (2008); *State v. Gerardo*, 147 Idaho 22, 29-30, 205 P.3d 671, 678-79 (Ct. App. 2009); *State v. Leslie*, 146 Idaho 390, 392, 195 P.3d 749, 751 (Ct. App. 2008). Idaho's primary DUI statutes, Idaho Code §§ 18-8004, 18-8004A, 18-8004C and 18-8005, contain both types of enhancements.

presented a copy of the Wyoming judgment of conviction as evidence at the preliminary hearing, the burden shifted to Schall to prove that the Wyoming statute was not substantially conforming. The court thus determined that the issue was effectively an affirmative defense. The district court further held that the Wyoming statute substantially conformed to I.C. § 18-8004.

Schall thereafter entered a conditional plea of guilty to felony DUI, reserving the right to appeal the denial of his motion. This appeal follows.

## II.

## ANALYSIS

Schall first asserts that the district court erred in denying his motion to dismiss the charge because the State did not place a copy of the Wyoming statute into evidence at the preliminary hearing and therefore did not meet its burden to present substantial evidence on each element of the charged offense. Under Idaho law, a person charged with a felony has the right to a preliminary hearing at which the magistrate court must determine whether there is probable cause to believe that the charged offense was committed and that the defendant committed it. I.C. § 19-804; I.C.R. 5.1. Depending upon the magistrate court's determination, a defendant will either be bound over to the district court to answer to the charge or the charge will be dismissed. I.C. §§ 19-814, 19-815, 19-815A; I.C.R. 5.1. A defendant may challenge a magistrate court's finding of probable cause at the preliminary hearing by filing a motion in the district court to dismiss the charge. I.C. § 19-815A.

The probable cause standard at a preliminary hearing does not require the State to prove the defendant guilty beyond a reasonable doubt. *State v. Phelps*, 131 Idaho 249, 251, 953 P.2d 999, 1001 (Ct. App. 1998). Rather, the State need only show that a felony crime was committed and that there is probable cause to believe the accused committed it. *Id.*; *State v. Holcomb*, 128 Idaho 296, 299, 912 P.2d 664, 667 (Ct. App. 1995). A finding of probable cause must be based upon substantial evidence as to every material element of the offense charged. I.C.R. 5.1(b); *State v. Porter*, 142 Idaho 371, 373, 128 P.3d 908, 910 (2005); *State v. McLellan*, 154 Idaho 77, 78, 294 P.3d 203, 204 (Ct. App. 2013). This requirement may be satisfied through circumstantial evidence and reasonable inferences to be drawn from that evidence by the committing magistrate. *State v. Munhall*, 118 Idaho 602, 606, 798 P.2d 61, 65 (Ct. App. 1990). A reviewing court will not substitute its judgment for that of the magistrate as to the weight of the evidence. *Id.*

3

The elements of an offense for which probable cause must be shown at a preliminary hearing are determined by the statute defining the offense. Here, Schall was charged with felony DUI under I.C. § 18-8004(1)(a) and § 18-8005(6). It is the second of these statutes that is in question here. It states:

> Except as provided in section 18-8004C, Idaho Code, any person who pleads guilty to or is found guilty of a violation of the provisions of section 18-8004(1)(a), (b) or (c), Idaho Code, who previously has been found guilty of or has pled guilty to two (2) or more violations of the provisions of section 18-8004(1)(a), (b) or (c), Idaho Code, or any *substantially conforming foreign criminal violation*, or any combination thereof, within ten (10) years, notwithstanding the form of the judgment(s) or withheld judgment(s), shall be guilty of a felony.

(emphasis added). Subsection 10 of the same statute provides that a "substantially conforming foreign criminal violation" includes a violation of the law of another state "conforming to the provisions of section 18-8004, Idaho Code." Subsection 10 further specifies that "[t]he determination of whether a foreign criminal violation is substantially conforming is a question of law to be determined by the court."

Nothing in the statutes specifies whether the State or the accused bears the burden of proof on the question of whether the foreign statute substantially conforms to I.C. § 18-8004. That determination is a question of statutory construction and application, which is an issue of law over which we exercise free review. *State v. O'Neill*, 118 Idaho 244, 245, 796 P.2d 121, 122 (1990); *State v. Shock*, 133 Idaho 753, 755, 992 P.2d 202, 204 (Ct. App. 1999).

Preliminarily, we must address the State's argument that it does not matter whether the State or Schall bore the burden of production of evidence on the issue, or whether the issue of the Wyoming statute's conformity must be decided by the magistrate court at a preliminary hearing, because the issue is a matter of law that this Court can determine in this appeal. The State's argument is without merit because the remedy for insufficiency of evidence, or failure to demonstrate probable cause, at a preliminary hearing is dismissal of the complaint or information. I.C. § 19-815A; *State v. Stewart*, 149 Idaho 383, 388, 234 P.3d 707, 712 (2010); *McLellan*, 154 Idaho at 78, 294 P.3d at 204. Such an evidentiary deficiency could not be cured post hoc by a determination of this Court that the Wyoming statute substantially conformed to I.C. § 18-8004.

4

It is not always easy to determine whether a statutory term that conditions or limits criminal liability constitutes an element of the offense to be proven by the State or an affirmative defense for which the defendant bears the burden to go forward with evidence. An analogous question was presented to the Idaho Supreme Court in *Cope v. State*, 89 Idaho 64, 69, 402 P.2d 970, 973 (1965), a habeas corpus action where the petitioner challenged the validity of a Washington warrant upon which the state of Washington sought the petitioner's extradition from Idaho. The petitioner contended that the affidavit for the warrant failed to set forth sufficient facts to constitute an offense under Washington law because it did not state facts showing that a particular exemption to liability under the Washington law was inapplicable to the petitioner. In addressing this issue, the Idaho Supreme Court quoted with approval from the United States Supreme Court's decision in *United States v. Cook*, 84 U.S. 168 (1872), which said that the proper inquiry is

> . . . whether the exception is so incorporated with the substance of the clause defining the offense as to constitute a material part of the description of the acts, omission, or other ingredients which constitute the offense. Such an offense must be accurately and clearly described, and if the exception is so incorporated with the clause describing the offense that it becomes in fact a part of the description, then it cannot be omitted in the pleading; but if it is not so incorporated with the clause defining the offense as to become a material part of the definition of the offense, then it is matter of defense and must be shown by the other party, though it be in the same section or even in the succeeding sentence.

*Cope*, 89 Idaho at 69, 402 P.3d at 973 (quoting *Cook*, 84 U.S. at 176).

Later, in *State v. Segovia*, 93 Idaho 208, 457 P.2d 905 (1969), the Idaho Supreme Court addressed the extent of the State's burden under an Idaho statute that provided, "Except as otherwise provided in this act, every person who possesses any narcotic except upon the written prescription of a physician, dentist, podiatrist, osteopath, or veterinarian licensed to practice in this state, may be punished by imprisonment in the state prison for a term not to exceed ten (10) years." *Id.* at 209, 457 P.2d at 906. At trial, the State had presented evidence that the defendant possessed a controlled substance, but did not present evidence that he held no prescription for the substance. Although the State argued that it was the defendant's burden to prove that he fell within the exception, i.e., to produce a prescription authorizing his possession of the substance, the Idaho Supreme Court held to the contrary. The Supreme Court stated that in the absence of a statute otherwise allocating the burden of proof:

5

> [T]he general rule is that the burden is upon the state in a criminal case to negative any exception or proviso appearing in that part of the statute which defines the crime if the exception is "so incorporated with the language describing and defining the offense that the ingredients of the offense cannot be accurately and clearly described if the exception is omitted."

*Segovia*, 93 Idaho at 210, 457 P.2d at 907. Applying that rule, the Supreme Court held that the exception stated in the statute was

> . . . an integral part of the offense proscribed and is so incorporated with the description of the offense as to be a material element of it. The exception defines the scope of the general prohibition of I.C. § 37-3202 since it is not a crime to possess a narcotic drug pursuant to a valid prescription. The crime is defined as possession without a valid prescription, and thus the absence of such a prescription is of necessity a material element of the offense.

*Id.*

If, however, the exception is not so incorporated with the clause defining the offense as to become a material part of the definition of the offense, then it is an affirmative defense, and its applicability must be shown by the defendant even though the exception may be in the same statutory section as the definition of the offense. *Cope*, 89 Idaho at 69, 402 P.2d at 973; *State v. Haley*, 129 Idaho 333, 335-36, 924 P.2d 234, 236-37 (Ct. App. 1996). Distinctions between statutory provisos that are a part of the definition of the crime and those that are a matter of defense that must be raised by the defendant are aptly illustrated by our decision in *Haley*. We there considered a provision of Idaho's concealed weapons statute, I.C. § 18-3302(9), that provided:

> While in any motor vehicle . . . a person shall not carry a concealed weapon on or about his person without a license to carry a concealed weapon. This shall not apply to any pistol or revolver located in plain view whether it is loaded or unloaded. A firearm may be concealed legally in a motor vehicle so long as the weapon is disassembled or unloaded.

In *Haley*, this Court confirmed our prior decision in *State v. Morales*, 127 Idaho 951, 908 P.2d 1258 (Ct. App. 1996), that the phrase "without a license to carry a concealed weapon" was an integral part of the conduct proscribed and therefore an element of the crime that must be proved by the State because the substance of a license was part of the definition of the crime. *Haley*, 129 Idaho at 336, 924 P.2d at 237. We also held, however, that the proviso at the end of subsection 9 stating that "a firearm may be concealed legally in a motor vehicle so long as the

weapon is disassembled or unloaded," is not an element of the offense to be proved by the State because that proviso "can be removed without lessening the clarity of the description of the crime." *Id.* That is, "[T]he crime of carrying a concealed weapon in a motor vehicle without a license can be described without reference to the state of assembly of the weapon." *Id.*

Applying the principles enunciated in these cases, we conclude that the State bore the burden to show that the Wyoming statute, under which Schall was previously convicted, substantially conformed to I.C. § 18-8004. The descriptive words "substantially conforming" in I.C. § 18-8005(6) are an integral part of the statutory language describing the type of prior convictions that will elevate a new offense to a felony. Clearly, the intent of I.C. § 18-8005(6) is not to allow elevation of a new DUI to a felony when one of the predicate prior convictions was for just *any* criminal violation, like assault or burglary; but evidence of just *any* foreign criminal violation would be sufficient to meet the State's burden to make a prima facie case at the preliminary hearing and later at trial if I.C. § 18-8005(6) were interpreted to place the burden on the defendant to contest the substantial conformity of the foreign conviction in the manner of an affirmative defense. We therefore hold that the State bears the burden of proof on the issue. The district court's (and the magistrate's) holding that the defendant was required to present evidence that the Wyoming statute was not substantially conforming was in error.

The district court here held that the State met its burden to prove a "substantially conforming foreign criminal violation" by merely placing into evidence a copy of the Wyoming judgment of conviction. In doing so, the district court incorrectly relied on case law that addresses the related but distinct issue of which party bears the burden of proof when the *validity* of a prior conviction is challenged. Case law establishes that when a prior conviction is used to enhance a DUI charge and the State has presented evidence showing the *existence* of the prior conviction,[2] if the defendant challenges the *validity* of the conviction, the defendant bears the burden to go forward with some evidence that the conviction was constitutionally defective.[3]

---

[2] This can be accomplished by producing copies of the judgments of conviction or other evidence of the existence of the conviction. *State v. Coby*, 128 Idaho 90, 92, 910 P.2d 762, 764 (1996).

[3] In Idaho, the only permissible constitutional challenge to the validity of a prior conviction is a claim of denial of the right to counsel. *See State v. Weber*, 140 Idaho 89, 92-95, 90 P.3d 314, 317-20 (2004).

*State v. Coby*, 128 Idaho 90, 92, 910 P.2d 762, 764 (1996); *State v. Moore*, 148 Idaho 887, 895, 231 P.3d 532, 540 (Ct. App. 2010). Once the defendant raises a triable issue of fact concerning the alleged constitutional defect, the burden is then on the State to rebut the defendant's evidence and convince the court that no violation of the defendant's rights occurred. *Moore*, 148 Idaho at 895, 231 P.3d at 540. The district court in the present case applied a similar burden-shifting approach, holding that the State met its initial burden by providing the magistrate court with copies of Schall's prior convictions and that the burden then shifted to Schall to present evidence that the underlying convictions were invalid. This was error because Schall did not challenge the validity of his Wyoming conviction. Rather, he maintained that the State did not show that the Wyoming DUI statute substantially conformed to the provisions of the Idaho DUI statute. This issue concerned the content and meaning of the Wyoming statute; it had nothing to do with the validity of the Wyoming judgment. Therefore, *Coby*, *Miller*, and related cases are not instructive here.

As noted above, subsection 18-8005(10) specifies that "[t]he determination of whether a foreign criminal violation is substantially conforming is a question of law to be determined by the court." The magistrate at the preliminary hearing must make the initial legal determination whether the foreign statute is substantially conforming, for without that determination there can be no probable cause for a felony offense and the case may not be bound over to the district court. In the present case, the magistrate could not make that determination because the State neither presented evidence of the content of the Wyoming statute nor asked the magistrate to take judicial notice of it. Therefore, probable cause to bind Schall over to the district court on a charge of felony DUI was not established.[4]

It follows that the district court erred by denying Schall's motion to dismiss the information for failure of proof at the preliminary hearing. This case must be remanded to the district court to afford Schall the opportunity to withdraw his conditional plea. This decision renders moot in this case the question whether the Wyoming statute under which Schall was convicted substantially conformed to the provisions of I.C. § 18-8004.

---

[4] If defendant is bound over, the district court will not be bound by the magistrate's legal conclusion in this regard, any more than it would be bound by a magistrate's evidentiary ruling. If the case goes to trial in the district court, the State retains the burden to prove the content of the foreign statute to the district court and to obtain a ruling from the district court on the issue.

## III.

## CONCLUSION

The district court's order denying Schall's motion to dismiss the information because of failure of proof at the preliminary hearing is reversed. This case is remanded to the district court for further proceedings, which must include affording Schall the option to withdraw his conditional guilty plea.

Judge GRATTON and Judge MELANSON **CONCUR.**